ROBBIE S. WHITEHURST AND H. P. WHITEHURST; BESSIE L. ENGLISH AND J. L. ENGLISH; E. E. SAMS AND BONITA S. OSBORNE v. JOHN W. ANDERSON, JOHN ROBERT ANDERSON; NETTIE R. ANDERSON, MAY SAMS GOODNER, MAE SAMS MERRITT, CATHERINE SAMS EDWARDS AND ROY EDWARDS; BESSIE SAMS CASAS AND O. R. CASAS; H. J. ANDERSON AND WIFE, LAVINIA ANDERSON.

(Filed 8 October, 1947.)

**Appeal and Error § 38—**

Where the Supreme Court is evenly divided in opinion, one Justice not sitting, the judgment of the lower court will be affirmed without becoming a precedent.

APPEAL by defendants John W. Anderson and John Robert Anderson *et ux.* from *Nettles, J.,* April Term, 1947, of MADISON.

STATE v. DICKEY.

Civil action heard on motion, made on special appearance, to dismiss for want of proper service of process.

The court below permitted plaintiffs to amend the order extending the time to file the complaint, served together with the summons, to show the nature and purpose of the suit as required by G. S. 1-121, and denied the motion. The movents appealed.

*Geo. M. Pritchard and Geo. Greene for plaintiff appellees.*

*Calvin R. Edney, J. M. Baley, Jr., and J. H. McElroy for defendant appellants.*

PER CURIAM. The question posed for decision is this: Where a summons in proper form, together with an order extending the time for filing complaint, is served on the defendants, but such order does not state the nature and purpose of the suit as provided by G. S. 1-121, is the service fatally defective and therefore insufficient to bring the defendants into court, or is such defect a mere irregularity subject to correction by amendment?

The Court, one member not sitting, being evenly divided in opinion as to the correct answer, the judgment of the Superior Court is affirmed, accordant with the usual practice in such cases, and stands as the decision in this case, without becoming a precedent. *Toxey v. Meggs,* 216 N. C., 798, 4 S. E. (2d), 513; *Howard v. Coach Co.,* 216 N. C., 799, 4 S. E. (2d), 616.

Affirmed.