E. M. BRASWELL, Administrator of RICHARD N. McCORMICK, Deceased, v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 23 May, 1951.)

Process § 5a—

　　Where defendant has been duly served with summons, together with a copy of an order extending the time for filing complaint, and within that time complaint is properly filed with copy, defendant is in court and the action may not be summarily dismissed for lack of service of process, the effect of plaintiff's failure to see that the clerk make the proper order and the sheriff serve copy of the complaint (G.S. 1-121) being that defendant is not compelled to plead until the requirements of the statute are observed. Plaintiff would not be entitled to judgment by default for want of an answer until elapse of the time prescribed by G.S. 1-125 for answering. Ch. 1113, Session Laws of 1949.

APPEAL by plaintiff from *Patton, Special Judge,* February Term, 1951, of CUMBERLAND. Reversed.

Defendant's motion, on special appearance, to dismiss the action for want of proper service of process was allowed, and the plaintiff appealed.

*Nance & Barrington and Robert H. Dye for plaintiff, appellant.*
*Shepard & Wood for defendant, appellee.*

DEVIN, J. The defendant's motion was based on the following uncontroverted facts: Summons in the above entitled action was issued 16 November, 1950, and at same time order was made by the clerk extending the time for filing complaint for 20 days. The summons and copy of the order of extension were duly served on the defendant on the same day. On 5 December following, and within the 20 days, plaintiff filed his complaint, but no order was made by the clerk directing the sheriff to serve a copy of the complaint on the defendant, and the sheriff did not within

Braswell *v.* R. R.

10 days make such service. G.S. 1-121. Nor does it appear that copy of the complaint has since been served by the sheriff. On the hearing below the plaintiff offered for the consideration of the court a petition filed 1 December, 1950, by attorneys for this defendant in a companion case praying for additional time within which to answer the complaint which had been filed in that case on the ground that it would be impractical to answer in that case until the complaint in this action should have been received. In the judgment appealed from the court recited that a copy of the complaint in this action "some time after December 5, 1950," had come into the possession of one of counsel for the defendant. On this showing judgment was entered allowing defendant's motion and dismissing the plaintiff's action.

The inconvenience formerly experienced in the prosecution of civil causes due to the delays in filing pleadings finally resulted in the change in procedure (Ch. 66, Public Laws 1927), which required that the complaint be filed at the time of issuance of summons and a copy delivered to the defendant at the time of service of the summons, with provision authorizing the clerk by order to extend the time for filing the complaint for 20 days, copy of order to be delivered to defendant. In that case when complaint was filed plaintiff was required to file a copy thereof, and to furnish additional copies on notice to .the plaintiff from the clerk. There was then no provision for service of a copy of the complaint on the defendant by an officer. In *Wilson v. Robinson,* 224 N.C. 851, 32 S.E. 2d 601, where no copies of the complaint were left with the clerk or defendant, judgment by default was set aside and this ruling was affirmed here on appeal, though on another ground.

However, by Chapter 1113, Session Laws 1949, it was provided that where complaint was filed after the order extending the time, a copy of complaint should be served on the defendant by the sheriff under order of the clerk. Section 1 of this statute contains these provisions: "When the complaint is not filed at the time of the issuance of the summons the clerk shall, when the complaint is filed, make an order directing the sheriff to serve a copy of such complaint on each of the defendants by delivery of a copy thereof to each of them, and the sheriff shall within 10 days make such service and make written return on the paper containing the order issued to him . . ." But in section 2 of the Act of 1949, in amending G.S. 1-125, there is the following additional provision: "If the time is extended for filing complaint, and a copy of the complaint, when filed, is not served on the defendant, then, in such case, said defendant shall have 30 days after the date of the sheriff's return showing that service was not made of such complaint, pursuant to G.S. 1-121, or the defendant shall have 30 days after the final day fixed for filing the complaint, whichever is the later date, in which to plead."

It will be noted that the first section of the Act of 1949 makes no provision as to the effect of failure to serve copy of complaint filed after the summons and the order of extension have been served, but we think construing this section with section 2 of the Act (now codified as amendment to G.S. 1-125) it is obvious it was not the intent of the Legislature that failure of the clerk to make the order or the sheriff to serve a copy of the complaint which has been filed in apt time, should necessitate dismissal of the action, but rather that the defendant would not be required to plead until "30 days after the date of the sheriff's return showing that service was not made of such complaint pursuant to G.S. 1-121."

Where the defendant has been duly served with summons together with a copy of the order extending the time for filing complaint, and within the time the complaint is properly filed with copy, the defendant is in court and the plaintiff's cause may not be summarily dismissed for lack of service of process.

While diligence is required in the prosecution of an action (*Pepper v. Clegg,* 132 N.C. 312, 43 S.E. 906; *Johnson v. Sidbury,* 225 N.C. 208, 34 S.E. 2d 67), and it was incumbent upon the plaintiff here to see that the clerk made the order and the sheriff served the copy of the complaint, the penalty for failure so to do, imposed by the statute, is that his adversary is not compelled to plead until the requirements of the statute are observed, nor would the plaintiff be entitled to judgment by default for want of an answer until the time prescribed by G.S. 1-125 within which to answer has elapsed.

The judgment dismissing the plaintiff's action was improvidently entered and must be

Reversed.