## CARL HENRY ROBERTS v. COCA-COLA BOTTLING COMPANY OF ASHEVILLE, INCORPORATED.

### (Filed 28 February, 1962.)

**1. Pleadings § 1—**

The clerk has authority to extend the time for filing a complaint to a date certain not to exceed 20 days from issuance of summons upon application and order stating the nature and purpose of the suit, G.S. 1-121, and the delivery of copies of the summons and order extending the time for the delayed filing, together with the filing of the complaint within the time limited, gives the court jurisdiction.

**2. Same—**

A statement in the application and order extending the time for filing of the complaint that the nature of the action is to recover a specified sum for personal injuries received as the result of negligence of the defendant, sufficiently states the purpose of the action within the purview of G.S. 1-121, and prior to the time set for the filing of the complaint a motion by defendant to quash the summons and dismiss the action will not lie.

**3. Pleadings § 25—**

If a cause of action in tort and a cause of action on contract arise out of the same transaction or are connected with the same subject of action, plaintiff may join both in the same complaint, and if he alleges only one of the causes of action he is entitled as a matter of right before time to answer expires to amend by alleging the other or to amend by striking the one and substituting the other. G.S. 1-161.

**4. Pleadings § 1—**

Where plaintiff procures an order extending the time for filing complaint upon application stating that the nature and purpose of the action is to recover a specified sum for negligent injury, and within the time allowed he files a complaint stating a cause of action for breach of implied warranty arising out of the same transaction, the judge of the Superior Court may deny defendant's motion to quash the summons and dismiss the action on the ground the application and order did not authorize the filing of a complaint based on contract, since the matters are within the wide discretionary powers of amendment given the court. G.S. 1-163.

**5. Appeal and Error § 1—**

Matters not adjudicated in the lower court are not presented on appeal.

**6. Appeal and Error § 49—**

A statement in the lower court that the petition and order for extension of time to file complaint substantially complied with G.S. 1-121 will be treated as a conclusion of law subject to review and not a finding of fact.

WINBORNE, C.J., not sitting.

APPEAL by defendant from *Clarkson, J.,* October 1961 Special Term, BUNCOMBE Superior Court.

In this civil action summons was issued on August 4, 1961. The plaintiff applied for, and the clerk entered, an order extending to August 24, 1961, the time in which to file the complaint. The application and the order stated: "The nature and purpose of the action is to recover the sum of $100,000.00 for personal injuries received as a result of the negligence of the . . . defendant."

On August 14, 1961, after service of the summons and order, the defendant, by special appearance, moved to quash the summons and dismiss the action for failure of the application and order to state the nature and purpose of the action as required by G.S. 1-121. Before the motion was heard, and within the time allowed, the plaintiff, on August 24, 1961, filed the complaint. In substance it alleged: That on August 8, 1958, the plaintiff bought a bottle of Coca-cola which was sealed and put on the market by the defendant for human consumption. The bottle actually contained sulphuric acid mixed with the Coca-cola. After drinking a part of the contents of the bottle, the plaintiff became violently ill, unconscious, and remained in such state of shock to his digestive and nervous systems as to destroy his previous good health.

Paragraph 12 of the complaint is here quoted in full: "12. That plaintiff, relying solely upon the warranty of defendant, and not otherwise, and depending upon defendant's skill and judgment as to the quality of said merchandise, purchased the same as aforesaid, and paid defendant seven (7¢) cents therefor." * * * "That the plaintiff have and recover of the defendant the sum of $100,000 for his personal and bodily injury herein sustained. . . ."

On September 14, 1961, the defendant made a second motion to dismiss upon the ground the application and order did not authorize the filing of the complaint based on breach of warranty.

Attached to the second motion was an answer denying the material allegations of the complaint and setting up a plea in bar that the action accrued on August 8, 1958, and the plaintiff had not asserted his claim for breach of implied warranty until the filing of his complaint on August 24, 1961, and recovery was barred by the statute of limitations.

At the hearing on the motions to dismiss, the court entered the following: "The court further finds as a fact that the petition of the plaintiff and the order of the clerk, as aforesaid, was a substantial compliance of G.S. 1-121, and that therefore said motions of the defendant should be denied."

The order accordingly allowed the defendant 30 days in which to answer. The defendant excepted and appealed.

*Willson & Riddle, by Robert B. Willson for plaintiff appellee.*
*Williams, Williams and Morris, by R. R. Williams, Jr., for defendant appellant.*

HIGGINS, J.   The superior court acquires jurisdiction of a plaintiff by his institution of an action in that court. It acquires jurisdiction of the defendant by the service of the summons and the complaint. However, under certain conditions the plaintiff is not required to file and serve the complaint at the time the summons is issued and served. G.S. 1-121 provides: " . . . the clerk may . . . on application of plaintiff by written order extend the time for filing complaint to a day certain not to exceed twenty (20) days, . . . said application and order shall state the nature and purpose of the suit."

The delivery of copies of the summons and order extending time for the delayed filing, and the complaint, when filed, complete the service and give the court jurisdiction of the defendant. Until the cause is at issue the clerk acts for the court. His powers and duties are not to be confused with those of the judge who has wide discretionary powers of amendment not given to the clerk. G.S. 1-163; *Electric Co. v. Dennis,* 255 N.C. 64, 120 S.E. 2d 533; *Sawyer v. Cowell,* 241 N.C. 681, 86 S.E. 2d 431; *Dobias v. White,* 240 N.C. 680, 83 S.E. 2d 785.

The defendant's first motion to quash the summons and dismiss the action for failure of the plaintiff's application and the clerk's order to state the nature and purpose of the action cannot be sustained. The intent of the statute was to require the plaintiff to alert the defendant by giving preliminary notice of the nature of the claim and the purpose of the suit, and that the ultimate factual averments would follow in a complaint later to be filed. The application and order in this case appear to be sufficient for the intended purpose of alerting the defendant that a complaint would be filed alleging damages in the sum of $100,000 as a result of the defendant's actionable negligence. The question is discussed in *Whitehurst v. Anderson,* 228 N.C. 787, 44 S.E. 2d 358.

After the plaintiff actually filed the complaint, a second motion to dismiss was interposed upon the ground the purpose and nature of the suit were limited by the application and order to damages resulting from negligence; whereas, the complaint stated a cause of action based on breach of implied warranty. However, a plaintiff may join two causes of action in the same complaint — one in tort, the other in contract — if the two causes arise out of the same transaction or are connected with the same subject of action. G.S. 1-123(1); *Wrenn v. Graham,* 236 N.C. 719, 74 S.E. 2d 232; *Pressley v. Tea Co.,* 226 N.C. 518, 39 S.E. 2d 382; *Cedar Works v. Lumber Co.,* 161 N.C. 603, 77

S.E. 770; *Cook v. Smith,* 119 N.C. 350, 25 S.E. 958. The plaintiff, therefore, could have alleged two separate causes of action — one in tort for negligent breach of duty, the other in contract for breach of implied warranty. If he alleged only one, he could, as a matter of right before time to answer expired, amend and allege the other. Or he could amend by striking one and substituting the other. G.S. 1-161; *Pruitt v. Taylor,* 247 N.C. 380, 100 S.E. 2d 841; *Teague v. Siler City Oil Co.,* 232 N.C. 469, 61 S.E. 2d 345.

In the answer attached to the second motion, the defendant alleged, as a plea in bar, the lapse of more than three years between the date the action accrued, August 8, 1958, and the beginning of action for breach of contract, August 24, 1961, the day the complaint was filed. Whether (1) the plaintiff filed a complaint different in nature from that which he was authorized to do by his application and order; (2) whether the complaint actually filed was the beginning of new action as of the filing date; (3) or whether the action in contract could be related back to the summons and escape the plea of the statute of limitations, are questions not passed on by the superior court, hence not brought here by this appeal.

For the purposes of this appeal, we treat as a conclusion of law, and subject to review, the court's "finding of fact" that the petition and order substantially complied with G.S. 1-121. The court's order denying the motions to quash the service and dismiss the action has the effect of retaining the parties before the court and requiring the defendant to answer, or otherwise plead.

Affirmed.

WINBORNE, C.J., not sitting.