HOMER M. SHARPE, ADMINISTRATOR OF THE ESTATE OF BRENDA ADELINE SHARPE, PLAINTIFF, v. DR. V. WATSON PUGH, DEFENDANT.

(Filed 20 June, 1967.)

**1. Pleadings § 1—**

Upon application for extension of time to file complaint the statement as to the "nature and purpose" of the action is sufficient if it apprizes defendant of the basis of plaintiff's claim so that defendant is not taken by surprise.

**2. Same; Abatement and Revival § 10—**

The statement in an application for extension of time to file complaint that the nature and purpose of the action was to recover damages for wrongful death of plaintiff's intestate resulting from defendant's negligence in the care and treatment of intestate, *held* sufficient to entitle plaintiff to allege both an action for wrongful death and an action for pain and suffering endured by intestate from the time of injury until death, since defendant could not have been taken by surprise by the assertion of the separate claim for pain and suffering.

**3. Appeal and Error § 3—**

Where plaintiff alleges a cause of action for wrongful death and a cause of action to recover damages for the pain and suffering endured by his intestate from the time of injury to the date of death, an allowance of a motion to strike all the allegations stating the cause of action for pain and suffering amounts to a demurrer dismissing that cause of action, and the order is immediately appealable. G.S. 1-277.

**4. Same—**

In an action for wrongful death for negligence of defendant physician in prescribing a dangerous drug for a purpose for which it was not recommended by its manufacturer, and in failing to warn intestate's parents of the dangerous character of the drug before administering it, the striking of the allegations relating to failure of defendant physician to warn intestate's parents involves only one specification of negligence and does not

amount to a striking of a cause of action in its entirety. and is not immediately appealable. Rule of Practice in the Supreme Court No. 4(a).

**5. Same; Appeal and Error § 1—**

Where appeal is taken from an order striking an entire cause of action, the appeal brings up the entire case for review, and appellant should bring forward for consideration his exceptions then appearing in the record relating to the striking of other portions of the complaint, even though the order striking such other portions of the complaint is not immediately appealable.

**6. Physicians and Surgeons § 11—**

It is negligence for a physician to prescribe, as a remedy for an illness of a three year old child, a drug which is neither necessary nor suitable for such illness and which the physician knows or should know to be dangerous, without advising the child's parents of the possibility or probability of injurious effects from the use thereof, and in an action for wrongful death of the child from a fatal side effect of the drug, allegations that the physician failed to warn the parents of the dangerous character of the drug are improperly stricken.

LAKE, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Brock, Special Judge,* November 1966 Assigned Non-Jury Civil Session of WAKE.

This action was instituted May 6, 1966, on which date a copy of the summons and of an order extending the time for filing complaint until May 26, 1966, were served on defendant.

Plaintiff filed his complaint on August 31, 1966. (Note: The record shows no explanation of or objection to the delay in filing complaint.) His allegations are set forth in Paragraphs I through XVIII. A brief summary thereof is set forth below.

Plaintiff is the administrator of Brenda Adeline Sharpe, who died on May 9, 1964. Defendant, a duly licensed physician, is engaged in the practice of medicine as a pediatrician in Wake County, North Carolina.

Brenda was defendant's patient. He saw and treated her on numerous occasions between April 14, 1961, the date of her birth, and January 17, 1964. He prescribed chloromycetin for Brenda: (1) On June 18, 1963, for "a minor virus infection of the throat"; (2) on October 30, 1963, "for her tonsillitis"; and (3) on January 6, 1964, for a "virus infection." On January 7, 1964, notwithstanding Brenda had developed "red spots" or petechia from her waist to her feet, defendant advised that Brenda continue to take the chloromycetin as previously directed.

Defendant knew, or in the exercise of due care should have known, that chloromycetin is a dangerous drug which on occasion produces serious and harmful side effects, including aplastic anemia,

and is not recommended by its manufacturer for the purposes for which it was prescribed by defendant for Brenda.

Brenda took chloromycetin as prescribed and directed by defendant. She developed aplastic anemia from taking the repeated doses of chloromycetin "prescribed" and "administered" by defendant, and died as a result of her aplastic anemia. Plaintiff alleges that Brenda's death was proximately caused by negligence of defendant in the respects set forth in Paragraph XVI, subsections (a), (b), (c), (d) and (e).

Paragraph XVII of the complaint is as follows: "That as a result of the negligence of the defendant as set forth above, the plaintiff's intestate developed aplastic anemia; that prior to her death on May 9, 1964, plaintiff's intestate was hospitalized on five occasions and was required to undergo bone marrow aspirations and transfusions; that during the period from January 17, 1964, to May 9, 1964, the plaintiff's intestate underwent severe pain and suffering by reason of which plaintiff has been damaged in the sum of $5,000.00."

Plaintiff prayed that he recover (1) the sum of $5,000.00 as damages for Brenda's pain and suffering from January 17, 1964, until her death on May 9, 1964, and (2) the sum of $94,620.00 as damages for wrongful death, and (3) the costs of the action.

On September 27, 1966, defendant moved that the court strike from the complaint portions thereof referred to below.

In the first portion of said motion, defendant moved to strike (1) a portion of Paragraph VII; (2) a portion of Paragraph IX; and (3) all of subsection (e) of Paragraph XVI. All of the allegations to which this portion of defendant's motion is directed relate to the same subject. They will be set forth in the opinion.

In the second portion of said motion, defendant moved to strike all of Paragraph XVII, quoted above, and the portion of the prayer for relief in which plaintiff prays that he recover $5,000.00 as damages on account of Brenda's pain and suffering from January 17, 1964, until her death.

Judge Brock allowed defendant's said motion in its entirety; and on November 18, 1966, entered an order striking from the complaint the portions thereof to which defendant's said motion was directed. Plaintiff excepted and appealed.

*Boyce, Lake & Burns for plaintiff appellant.*
*Manning, Fulton & Skinner and Maupin, Taylor & Ellis for defendant appellee.*

BOBBITT, J.  We consider first whether the court erred in striking Paragraph XVII, quoted in the statement of facts, and the por-

tion of the prayer relating to recovery of damages for pain and suffering.

Simultaneously with the issuance of summons, plaintiff applied for and obtained an extension of time for filing his complaint, as authorized by G.S. 1-121. His application stated that "the nature and purpose" of his action was "(t)o recover damages from the defendant for the wrongful death of the plaintiff's intestate, which wrongful death was caused by the negligence of the defendant in the care and treatment of plaintiff's intestate." It stated further that additional time was necessary to enable plaintiff "to interview and examine various medical experts to determine the exact condition of the plaintiff's intestate and the nature of the treatment that the plaintiff's intestate received prior to her death."

When he filed his complaint, plaintiff incorporated therein, in addition to allegations appropriate in a complaint in a wrongful death action, allegations pertinent to an action to recover damages on account of the pain and suffering of his intestate from January 17, 1964, until her death. Defendant set forth as grounds for his motion that plaintiff's said application stated the action was to recover damages for the *wrongful death* of his intestate; that pain and suffering are not elements of damage in an action for wrongful death; and that the reading to the jury of the allegations relating to pain and suffering would be prejudicial to defendant.

If, as alleged, Brenda was injured and later died as a result of defendant's actionable negligence, her administrator has two causes of action against defendant, namely, (1) a cause of action to recover, as assets of Brenda's estate, damages on account of her pain and suffering; and (2) a cause of action to recover, for the benefit of her next of kin, damages on account of the pecuniary loss resulting from her death. *Hoke v. Greyhound Corp.*, 226 N.C. 332, 38 S.E. 2d 105; *Hinson v. Dawson*, 241 N.C. 714, 86 S.E. 2d 585; 50 A.L.R. 2d 333; *In re Peacock*, 261 N.C. 749, 136 S.E. 2d 91. While the basis for each is the same wrongful act, the causes of action are separate and distinct. The parties are the same. However, each action must be determined on separate issues. *Hinson v. Dawson, supra; In re Peacock, supra.* "When separate causes of action are united in the same complaint they must be separately stated." 3 Strong, N. C. Index, Pleadings § 3. If not separately stated, it would seem that the complaint would be demurrable for misjoinder of causes of action. *Monroe v. Dietenhoffer*, 264 N.C. 538, 541, 142 S.E. 2d 135, 137; 1 McIntosh, N. C. Pract. & Proc. § 1188 (2d ed., 1964 Supp.) Defendant does not demur for misjoinder of causes of action. The basis of his objection is that the statement in plaintiff's application for ex-

tension of time to file his complaint as to "the nature and purpose" of his action *restricted* and *limited* plaintiff to the filing of a complaint to recover damages for the alleged wrongful death of his intestate. When due consideration is given the fact that the alleged actionable negligence of defendant constitutes the basis of each of the two causes of action set forth in the complaint, defendant's contention is untenable.

"The intent of the statute (G.S. 1-121) was to require the plaintiff to alert the defendant by giving preliminary notice of the nature of the claim and the purpose of the suit, and that the ultimate factual averments would follow in a complaint later to be filed." *Roberts v. Bottling Co.*, 256 N.C. 434, 124 S.E. 2d 105. The statement as to "the nature and purpose" of the action set forth in the application for extension of time to file complaint would seem sufficient to alert defendant that plaintiff's action was to recover damages on account of actionable negligence resulting in Brenda's injury and death. We perceive no reasonable ground to believe that defendant was taken by surprise because Brenda's administrator asserted a separate claim for personal injuries and a separate claim for wrongful death.

It is noted that plaintiff's cause of action for personal injuries is based solely on Brenda's pain and suffering from January 17, 1964, until her death; and that all of this period is within three years of the date on which the complaint was filed, to wit, August 31, 1966. G.S. 1-52(5); *Stamey v. Membership Corp.*, 249 N.C. 90, 105 S.E. 2d 282.

The conclusion reached is that the motion to strike Paragraph XVII of the complaint was in effect a demurrer to plaintiff's alleged cause of action to recover damages on account of personal injuries sustained by his intestate; and that the court's order in effect sustained the demurrer and dismissed *that* action. Under these circumstances, plaintiff was entitled as a matter of right to an immediate appeal. G.S. 1-277; *Mercer v. Hilliard*, 249 N.C. 725, 107 S.E. 2d 554. For the reasons stated, the court erred in striking Paragraph XVII and the portion of the prayer related to recovery of damages for pain and suffering; and this portion of the court's order is reversed.

The other portion of the court's order involves different and unrelated questions.

The portion of Paragraph VII to which defendant's motion is directed refers to the incident of June 18, 1963, and is as follows: "(T)hat at said time the plaintiff's intestate was a child two years and two months old and the parents of said child were unskilled in

medical matters and unfamiliar with drugs, their uses, and their properties, and particularly with chloromycetin; that at said time the defendant failed to warn the plaintiff's intestate or her parents, as it was his duty to do, that taking said drug was dangerous or that it might produce dangerous side effects, including aplastic anemia." The portion of Paragraph IX to which defendant's motion is directed refers to the incident of October 30, 1963, and contains substantially the same allegations as those in the portion of Paragraph VII quoted above. In Paragraph XVI, subsection (e), plaintiff alleged that defendant "negligently failed to warn the parents of plaintiff's intestate that the drug, chloromycetin, was dangerous and that such drug might cause plaintiff's intestate to develop aplastic anemia and to get such parents' consent before administering said drug to plaintiff's intestate."

Plaintiff contends an appeal lies immediately to the portion of the court's order striking from the complaint the portions thereof referred to in the preceding paragraph of this opinion. To support this contention he cites *Insurance Co. v. Bottling Co.*, 268 N.C. 503, 151 S.E. 2d 14. The rule for which this decision stands is stated, with supporting citations, in 1 Strong, N. C. Index 2d, Appeal and Error § 6, pp. 119-120, as follows: "(W)hen an order is entered allowing a motion to strike *in its entirety* a further answer or defense, or an order is entered allowing a motion to strike *an entire cause of action* set up in a pleading, the order amounts to the granting of a demurrer, and is immediately appealable." (Our italics.) This rule has no application to the present factual situation. Plaintiff's statement of his causes of action against defendant for personal injuries and for wrongful death are not dependent upon whether the portions of the complaint now under consideration are stricken therefrom. Independent of these allegations, plaintiff has stated such causes of action. The portions stricken involve only one of several alleged specifications of negligence. Under our Rule 4(a), Rules of Practice in the Supreme Court, 254 N.C. 785, plaintiff was not entitled to an immediate appeal as a matter of right from the order striking these allegations but was entitled to immediate review only upon allowance of a petition for writ of *certiorari*.

Even so, since plaintiff was entitled to appeal as a matter of right from the portion of the order which in effect sustained a demurrer to the alleged cause of action for personal injuries, that is, pain and suffering, the entire case is before us; and under these circumstances it was incumbent upon plaintiff to bring forward and for the Court to consider all of plaintiff's exceptions then appearing in the record. *Jenkins & Co. v. Lewis*, 259 N.C. 86, 130 S.E. 2d 49.

Defendant asserts as the ground for his motion that he "was under no legal duty to explain to the parents of plaintiff's intestate the uses and properties of the drug which the defendant, in the exercise of his professional judgment, prescribed for plaintiff's intestate, and he was under no legal duty to warn plaintiff's intestate or her parents that the taking of chloromycetin, or any other drug prescribed for plaintiff's intestate, was dangerous, or that it might produce dangerous side effects, including aplastic anemia."

Facets of the question as to a surgeon's duty to advise a patient of the dangers involved in a proposed operation have been discussed in *Hunt v. Bradshaw*, 242 N.C. 517, 88 S.E. 2d 762, and in *Watson v. Clutts*, 262 N.C. 153, 136 S.E. 2d 617. Also, see *Kennedy v. Parrott*, 243 N.C. 355, 90 S.E. 2d 754, 56 A.L.R. 2d 686. Reference is made to Annotations, "Consent as condition of right to perform surgical operation," in 76 A.L.R. 562, and in 139 A.L.R. 1370; and to Annotation, "Malpractice: physician's duty to inform patient of nature and hazards of disease or treatment," in 79 A.L.R. 2d 1028. The decisions discussed in these annotations involve a variety of factual situations. Also, see Karchmer, *"Informed Consent,"* 31 Mo. L. Rev. 29 (1966).

In *Bonner v. Moran*, 126 F. 2d 121, 139 A.L.R. 1366, Chief Justice Groner, speaking for the Court of Appeals for the District of Columbia, says: "(T)he general rule is that the consent of the parent is necessary for an operation on a child. *Zoski v. Gaines*, 271 Mich. 1, 260 N.W. 99; *Moss v. Rishworth*, Tex. Com. App., 222 S.W. 225; *Rogers v. Sells*, 178 Okl. 103, 61 P. 2d 1018; *Browning v. Hoffman*, 90 W. Va. 568, 111 S.E. 492; *Commonwealth v. Nickerson*, 5 Allen, Mass. 518; *Franklyn v. Peabody*, 249 Mich. 363, 228 N.W. 681." Also, see Restatement (Second) of Torts § 59, Comment a, Illustration 1.

According to plaintiff's allegations: Brenda was approximately three years of age when she died. It may be inferred that her parents arranged for her treatment by defendant. Obviously, any necessary disclosures and warnings concerning the taking of chloromycetin should have been given to her parents rather than to Brenda.

It is not contended that the complaint fails to allege facts sufficient to constitute a cause of action. Defendant contends the allegations in the designated portions of Paragraphs VII, IX and subsection (e) of Paragraph XVI should be stricken because they are irrelevant and prejudicial.

It is unnecessary to decision on this appeal, and we deem it unwise, to attempt to define the extent and limits of the legal duty of a physician to make known to a child's parents possible or probable

injurious or adverse effects from the use of a prescribed drug. For the present, it is sufficient to say, and we so decide, that it would be negligence if defendant prescribed, as a remedy for illnesses for which it was neither necessary nor suited, a drug which he knew or should have known was dangerous, without advising and warning Brenda's parents of the possible or probable injurious effects from the use thereof.

Under plaintiff's allegations, defendant was negligent in his treatment of Brenda by prescribing and administering chloromycetin, and such negligence proximately caused Brenda's death. Even so, accepting as true the facts alleged by plaintiff concerning chloromycetin, defendant was also negligent in failing to advise or warn Brenda's parents with reference thereto; and it may be reasonably inferred from plaintiff's allegations that, if the facts concerning chloromycetin are as alleged by plaintiff, Brenda's parents would not have consented to or permitted the use of chloromycetin in defendant's treatment of her. Under these circumstances, we cannot say as a matter of law that defendant's alleged negligence in this respect was not a proximate cause of Brenda's injuries and death. The conclusion reached is that the court erred in striking from the complaint the said designated portions of Paragraphs VII, IX and subsection (e) of Paragraph XVI. Whether plaintiff's evidence will support his allegations is another matter.

For the reasons stated, the judgment of the court below is reversed.

Reversed.

LAKE, J., took no part in the consideration or decision of this case.