JAMES L. MORRIS v. R. S. DICKSON, POWELL, KISTLER & CRAWFORD AND ROBERT J. POWELL, JR.

No. 7212SC222

(Filed 29 March 1972)

Pleadings § 1; Rules of Civil Procedure § 3— extension of time to file complaint — sufficiency of application and order

An order extending the time within which to file a complaint was not rendered invalid by the fact that the application for the extension did not request permission to file complaint "within 20 days" and the order did not state the nature and purpose of the action. G.S. 1A-1, Rule 3.

Morris v. Dickson

APPEAL by plaintiff from *Hall, Judge,* 25 October 1971 Session, CUMBERLAND Superior Court.

Plaintiff brought this action for an accounting to ascertain his interest in defendants' partnership in which plaintiff had been a partner. The action was instituted by filing of complaint and issuance of summons at 11:13 a.m. on 3 September 1971. Defendants filed answer in which they alleged as a further defense that at 9:29 a.m. on 3 September 1971 they had instituted an action involving the same cause before the same court to recover a sum of money from the present plaintiff. Defendants therefore moved that this action be abated and dismissed because of their prior pending action. The motion was granted and from order allowing the motion, plaintiff appealed.

*Spruill, Trotter & Lane by Michael S. Colo for plaintiff appellant.*

*McCoy, Weaver, Wiggins, Cleveland & Raper by Alfred E. Cleveland for defendant appellees.*

BRITT, Judge.

Plaintiff contends that defendants purported to institute their action by filing an application for and obtaining an order extending the time within which to file complaint, and having summons issued, but that the application and order did not comply with G.S. 1A-1, Rule 3, therefore, their action was a nullity.

The pertinent part of G.S. 1A-1, Rule 3, provides: "A civil action may also be commenced by the issuance of a summons when (1) A person makes application to the court stating the nature and purpose of his action and requesting permission to file his complaint within 20 days and (2) The court makes an order stating the nature and purpose of the action and granting the requested permission."

The record before us discloses that the application and order being challenged were set forth on a single page. The application stated the nature and purpose of the action but the order granting an extension of 18 days for filing complaint did not restate the nature and purpose of the action but declared that the application sufficiently complied with the statute. Plaintiff's primary contention in challenging the validity

of the order is that the application did not request permission to file complaint *within 20 days* and the order did not state the nature and purpose of the action. The contention is without merit.

*Sutton v. Duke,* 277 N.C. 94, 176 S.E. 2d 161 (1970) stands for the proposition that under the new rules of civil procedure North Carolina has adopted a "notice pleading" theory. Professor Sizemore in his discussion of the General Scope and Philosophy of the New Rules, 5 Wake Forest Intra. L. Rev. 1, 6, cites *Commissioner of Int. Rev. v. Chase Manhattan Bank,* 259 F. 2d 231 (5th Cir. 1958) as holding that liberality is the canon of construction of the federal rules and then continues to state that this certainly applies to the North Carolina rules. See also G.S. 1A-1, Rule 8, Comment. In light of the fact that we now operate under a "notice" system with a liberal interpretation of the requirements of the rules it is difficult to perceive any way in which plaintiff herein was taken by surprise with respect to the nature and purpose of the previous action.

G.S. 1A-1, Rule 3, appears to incorporate the provision of former G.S. 1-121, therefore, a consideration of decisions under the former statute seems relevant. In *Roberts v. Bottling Co.,* 256 N.C. 434, 124 S.E. 2d 105 (1962) where defendant's motion to dismiss for failure of the plaintiff's application and order to state the nature and purpose of the action was denied, the court stated that the intent of the statute was to require plaintiff to alert the defendant by giving preliminary notice of the nature of the claim and the purpose of the suit, and that the ultimate factual averments would follow in a complaint to be filed later. In *Sharpe v. Pugh,* 270 N.C. 598, 155 S.E. 2d 108 (1967) the court in denying a similar motion to dismiss based on G.S. 1-121 stated that it could perceive no reasonable ground to believe that the defendant was taken by surprise.

If this reasoning prevailed under the former procedural statute which had a more strict interpretation than the new rules then surely the same reasoning would be applicable under the new rules. Considering the challenged application and order together, in light of the information required by G.S. 1A-1, Rule 3, we hold that there was substantial compliance with the rule and plaintiff's assignment of error is overruled. To do otherwise would be to revert to the old practice where procedure was subject to technicality, form and surprise.

We have carefully considered plaintiff's other contentions concerning the application of G.S. 1A-1, Rule 3, and likewise find them to be without merit.

Affirmed.

Judges CAMPBELL and GRAHAM concur.