EUEL ATKINSON v. TARHEEL HOMES & REALTY CO., INC.

No. 723DC172

(Filed 24 May 1972)

1. **Pleadings § 1; Rules of Civil Procedure § 3— extension of time to file complaint — insufficiency of motion and order**

    Order granting defendant an additional 20 days within which to file his complaint was invalid where plaintiff did not state the nature and purpose of his action in his motion for extension of time to file his complaint and the order granting the extension did not state the nature and purpose of the action as required by G.S. 1A-1, Rule 3.

2. **Rules of Civil Procedure § 6— failure to file complaint within extended time — additional enlargement — excusable neglect**

    Where plaintiff failed to file his complaint within the additional 20 days allowed by the clerk's order, but filed the complaint three days after that time expired, the trial court erred in the denial of defendant's motion to dismiss and in enlarging the time allowed plaintiff to file his complaint by an additional three days under G.S. 1A-1, Rule 6(b), where no request for enlargement was made before the expiration of the period of extension, no motion based on excusable neglect was made after the period of extension expired, no evidence as to excusable neglect appears in the record, and the judgment contains no findings upon which excusable neglect could be predicated.

APPEAL by defendant from *Wheeler, Judge,* 18 October 1971 Civil Session, District Court, PITT County.

On 9 July 1971, plaintiff filed the following "APPLICATION AND MOTION":

"Now COMES, Euel Atkinson, through counsel and respectfully shows unto the Court that:

FIRST: That he is a citizen and resident of Pitt County, North Carolina.

SECOND: That the defendant is a duly incorporated business, existing and trading under the laws of the State of North Carolina.

THIRD: That the plaintiff is about to file a Complaint against the defendant.

FOURTH: That a necessary exhibit of the plaintiff is not available.

WHEREFORE, the plaintiff respectfully requests that the Court cause a summons to issue and to allow the plaintiff twenty (20) additional days within which to file a Complaint."

The clerk, on 9 July 1971, entered an order granting plaintiff "an additional twenty (20) days within which to file his Complaint." Plaintiff's complaint was filed 30 July 1971.

Defendant moved, in writing, for dismissal under Rule 3 of the North Carolina Rules of Civil Procedure. The following order was entered:

"The Court in its discretion herewith denies the motion of the defendant to dismiss, on the grounds of excusable

neglect as provided by in Rule 6(b) of the North Carolina Rules of Civil Procedure and hereby in its discretion enlarges the time allowed the plaintiff in which to file his complaint by an additional 3 days.

The defendant is hereby allowed 30 days in which to file his answer.

This the 18th day of October, 1971."

Defendant excepted and appealed.

*David T. Greer for plaintiff appellee.*

*Gaylord and Singleton, by A. Louis Singleton, for defendant appellant.*

MORRIS, Judge.

Defendant's appeal is premature under the provisions of Rule 4, Rules of Practice in the Court of Appeals of North Carolina. We have, however, chosen to treat the appeal as a petition for certiorari which we have granted and proceed to discuss the matter on the merits.

Decision in this matter is governed by G.S. 1A-1, Rule 3 and G.S. 1A-1, Rule 6(b), hereinafter referred to as Rule 3 and Rule 6(b). Rule 3 provides that:

". . .

A civil action may also be commenced by the issuance of a summons when

> (1) A person makes application to the court stating the nature and purpose of his action and requesting permission to file his complaint within 20 days and

> (2) The court makes an order stating the nature and purpose of the action and granting the requested permission.

The summons and the court's order shall be served in accordance with the provisions of Rule 4. When the complaint is filed it shall be served in accordance with the provisions of Rule 4 or by registered mail if the plaintiff so elects. If the complaint is not filed within the period specified in the clerk's order, the action shall abate.

---

---

Rule 6(b), in pertinent part, provides:

"When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order. Upon motion made after the expiration of the specified period, the judge may permit the act to be done where the failure to act was the result of excusable neglect."

*Morris v. Dickson,* 14 N.C. App. 122, 187 S.E. 2d 409 (1972), is not applicable to the facts of this case.

[1, 2]  In this case, plaintiff did not state the nature and purpose of his action in his motion for extension of time within which to file his complaint, nor did the order granting the extension state the nature and purpose of the action as required by Rule 3. The complaint was not filed within the 20 days granted. Even if the other requirements of Rule 3 had been met, plaintiff is not saved by Rule 6(b), because no request was made before the expiration of the period of extension. No motion based on excusable neglect was made after the period of extension expired. No evidence as to excusable neglect appears in the record, nor does the judgment contain any findings upon which excusable neglect could be predicated.

It appears obvious that plaintiff has failed completely to comply with the Rules of Civil Procedure. The judgment must be reversed.

Reversed.

Judges VAUGHN and GRAHAM concur.