NELLIE HASTY, Executrix of MARTHA B. TURNER, Deceased v. NANCY
SHARON CARPENTER

No. 7811SC54

(Filed 6 March 1979)

**Rules of Civil Procedure § 4— service of process by registered mail—insufficiency
of evidence to rebut presumption of service**

> The trial court erred in holding that defendant had offered evidence suffi-
> cient to rebut the presumption that she had been served with process where it
> was undisputed that defendant received a copy of the summons and order
> allowing an extension of time to file the complaint at a certain address in
> Georgia; sixteen days later a copy of the complaint was delivered to the same
> address and defendant's husband signed a receipt for it; there was no showing
> that defendant's husband was not a person of reasonable age and discretion;
> and defendant did not deny that the registered mail was delivered to her ad-
> dress.

APPEAL by plaintiff from *Braswell, Judge.* Judgment entered
4 October 1977 in Superior Court, HARNETT County. Heard in the
Court of Appeals 18 October 1978.

The plaintiff instituted this action on 30 October 1975 to set
aside a deed. On the same date, the Clerk of Superior Court
entered an order extending the time for filing the complaint until
19 November 1975. The defendant was served with the summons,
order extending the time to file complaint, and notice of lis
pendens by registered mail pursuant to G.S. 1A-1, Rule 4(j)(9)(b).
The registered letter was addressed to defendant at Woodland
Trailer Park, Lot #55, Leesburg, Georgia. She signed a receipt for
it on 6 November 1975. A complaint was filed on 18 November
1975, and the next day a copy of the complaint was mailed to the
defendant by registered mail to the same address. On 22
November 1975, Ray Carpenter signed a receipt for this mail. On
29 July 1977, the defendant made a motion to dismiss the action
and to expunge from the records the lis pendens on the ground
there had not been legal service of process on the defendant. In
support of the motion, defendant filed an affidavit in which she
said she recalled signing a registered mail receipt on or about 6
November 1975. She denied receiving the registered mail which
was delivered on 22 November 1975. She stated further that she
was married to Ray Carpenter on 22 November 1975, but was not
living with him because of marital difficulties. She did not deny

that she was living at the address to which the registered mail was delivered. On 4 October 1977 the matter came on for hearing and the court found facts consistent with the affidavits of the parties. The court concluded that the affidavit filed by defendant was a sufficient rebuttal of the presumption that the defendant received service of the process. It dismissed the action and expunged the notice of lis pendens from the record.

*Love and Ward, by Jimmy W. Love and Hoyle and Hoyle, by J. W. Hoyle, for plaintiff appellant.*

*James F. Penny, Jr., for defendant appellee.*

WEBB, Judge.

The plaintiff chose to commence this action by having the summons issued with an order allowing her twenty days to file the complaint. This is a permitted method under G.S. 1A-1, Rule 3 which provides:

> A civil action is commenced by filing a complaint with the court. The clerk shall enter the date of filing on the original complaint, and such entry shall be prima facie evidence of the date of filing.
>
> A civil action may also be commenced by the issuance of a summons when
>
> > (1) A person makes application to the court stating the nature and purpose of his action and requesting permission to file his complaint within 20 days and
> >
> > (2) The court makes an order stating the nature and purpose of the action and granting the requested permission.
>
> The summons and the court's order shall be served in accordance with the provisions of Rule 4. When the complaint is filed it shall be served in accordance with the provisions of Rule 4 or by registered mail if the plaintiff so elects. If the complaint is not filed within the period specified in the clerk's order, the action shall abate.

Rule 3 provides the action shall abate if the complaint is not filed within the period specified in the clerk's order. It does not provide that the action shall abate if the complaint is not served on the defendant. We believe *Braswell v. Railroad,* 233 N.C. 640, 65 S.E. 2d 226 (1951) is controlling. That case was decided before G.S. 1-121 was superseded by Rule 3. G.S. 1-121 provided for the commencement of actions by serving a summons without a complaint as the present Rule 3 now provides. The court in that case held that when the complaint is filed within the prescribed time the action is not subject to be dismissed, but a defendant is not compelled to plead until the complaint is served on him, and no default judgment may be had until the complaint is served. We hold that Rule 3 has not overruled *Braswell.* Although Rule 3 is phrased differently from former G.S. 1-121, the procedure for serving a summons with an order allowing a delay in filing the complaint is very similar under both the rule and the statute. We do not believe the reasoning of *Braswell* is affected by the adoption of the new rule.

This brings us to the question of the service of the complaint. In light of our decision, it is important in order to fix the time when answer or other responsive pleadings to the complaint must be filed. *Lewis Clarke Associates v. Tobler,* 32 N.C. App. 435, 232 S.E. 2d 458, *review denied,* 292 N.C. 641 (1977) involves the service of process pursuant to G.S. 1A-1, Rule 4(j)(9)(b). That case held that for service to be complete it is not necessary that there be personal delivery to the addressee, but that the registered or certified mail be delivered to the address of the party to be served and that a person of reasonable age and discretion receive the mail and sign the receipt on behalf of the addressee. A showing on the face of the record of compliance with the statute raises a rebuttable presumption of valid service. In this case it is undisputed that the defendant received a copy of the summons and order allowing an extension of time to file the complaint at a certain address in Georgia. Sixteen days later a copy of the complaint was delivered to the same address, and her husband signed the receipt for it. There is no showing or contention that he is not a person of reasonable age and discretion. Defendant did not deny that the registered mail was delivered to her address. We hold that on this evidence the court was in error in holding the defendant had offered evidence sufficient to rebut the presumption that

she had been served with process. We order this case be remanded to the Superior Court of Harnett County for the entry of an order consistent with this opinion.

Reversed and remanded.

Judges MORRIS (now Chief Judge) and VAUGHN concur.