JACK CHILDRESS, Administrator of the Estate of NANCY SUE JOHNSON NEESE, Deceased v. FORSYTH COUNTY HOSPITAL AUTHORITY, INC., D/B/A FORSYTH MEMORIAL HOSPITAL; DR. RICHARD B. URBAN, DR. JAMES E. FERGUSON, DR. C. CLARK, DR. P. GALLE, DR. A. HARRINGTON, DR. JAMES, JOHN DOE AND JANE DOE

No. 8321SC917

(Filed 4 September 1984)

1. **Process § 3.1— alias or pluries summons—reference to delayed filing of complaint**

    The delayed service of a complaint does not constitute a link in the chain of process, and an alias or pluries summons was not invalid because it referred to the original summons rather than to the subsequent delayed filing of the complaint.

2. **Process § 2— simultaneous service of complaint and summons—failure to serve order extending time for filing complaint**

    When a plaintiff has obtained an order to extend the time for filing the complaint and subsequently timely files the complaint before service of the summons, simultaneous service of the complaint and an alias or pluries summons without the order extending the time for filing the complaint constitutes valid process which keeps alive the original filing date.

APPEAL by plaintiff from *Walker, Hal H., Judge*. Judgment entered 29 March 1983 in Superior Court, FORSYTH County. Heard in the Court of Appeals 11 May 1984.

The deceased died at defendant Hospital, allegedly as a result of the negligent administration of drugs by defendants. Plaintiff brought the present wrongful death action, but all claims were dismissed for failure to effect proper service. Plaintiff appeals.

*Alexander, Wright, Parrish, Hinshaw and Tash, by C. J. Alexander, II, and the law offices of E. Vernon F. Glenn, by E. Vernon F. Glenn and David P. Shouvlin, for plaintiff appellant.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, by Samuel G. Thompson and Jodee Sparkman King, for defendant appellee Dr. Richard B. Urban.*

JOHNSON, Judge.

Plaintiff and all defendants except Dr. Urban have resolved the matters in controversy between them and the appeal as to

them was dismissed on 20 January 1984. This Court retained jurisdiction over the appeal as to defendant Dr. Urban (hereinafter simply "defendant"); thus this appeal is properly before us. Defendant's contention that plaintiff has failed to comply with the Rules of Appellate Procedure in preserving his exceptions and assignments of error is groundless, and we therefore proceed to the merits.

## I

The deceased died 27 June 1980. The statute of limitations therefore barred any action commenced after 27 June 1982. G.S. 1-53(4). The record establishes the following chronology of critical events:

25 June 1982: "Civil Summons" issued with "Application and Order Extending Time To File Complaint." Returned unserved 30 June 1982.

15 July 1982: "Delayed Service of Complaint" issued. Returned unserved 22 July 1982.

30 August 1982: "Civil Summons" issued. This summons was designated "Alias and Pluries Summons," with entry under "Date Last Summons Issued" of 25 June 1982. Returned unserved by Florida authorities 14 September 1982.

Thereafter, plaintiff obtained timely issuance of successive alias and pluries summonses, each referring back to the previous one, and each apparently accompanied by the complaint, until defendant received personal service of the summons and complaint on 4 November 1982. No copy of the "Application and Order" was ever served on defendant.

Defendant moved to dismiss on the ground that he had never received a copy of the application and order. He supported his motion with an affidavit acknowledging simultaneous receipt of the summons and the complaint. The trial court granted the motion; this ruling is the subject of this appeal.

## II

The question on appeal appears to be one of first impression: When a plaintiff has obtained an order to extend the time for filing its complaint, and subsequently timely files the complaint before service is actually made, does substitution of the complaint

for the order for extension of time constitute valid process and keep alive the original date of filing, or has the "chain of process" been broken? We conclude that service of the complaint constitutes compliance with the statutory requirements, and that therefore the trial court erred in dismissing the plaintiff's action.

### III

An action is ordinarily commenced by filing a complaint with the court. G.S. 1A-1, Rule 3; *compare* F.R. Civ. P. 3. North Carolina's Rule 3 also allows an action to be commenced by summons:

A civil action may also be commenced by the issuance of a summons when

(1) A person makes application to the court stating the nature and purpose of his action and requesting permission to file his complaint within 20 days and

(2) The court makes an order stating the nature and purpose of the action and granting the requested permission.

The summons and the court's order shall be served in accordance with the provisions of Rule 4. When the complaint is filed it shall be served in accordance with the provisions of Rule 4 or by registered mail if the plaintiff so elects. If the complaint is not filed within the period specified in the clerk's order, the action shall abate.

In the present case, the summons and the order were properly issued together, and the complaint was filed within 20 days as required by the rule and the order. Actual service did not finally occur until some four months after filing of the complaint.

When a defendant is not served with process within the time allowed, the action may be continued in existence by either obtaining "an endorsement upon the original summons" or suing out an alias or pluries summons within 90 days. G.S. 1A-1, Rule 4(d). The action is discontinued upon failure to comply with Rule 4(d) within the 90 day period. G.S. 1A-1, Rule 4(e). Here, there is no question that plaintiff obtained his replacement summonses within the time required by the rules, in an unbroken chain from the first summons to the time of actual service.

IV

[1] There are only two grounds, then, that could cause the service of these alias or pluries summonses to be ineffective. The first would be that the summons of 30 August 1982 had to refer back to the process next preceding it, the delayed service of complaint. Since it referred instead to the original summons, it may be argued, the "chain" of process was not correctly maintained and the action discontinued.

We decline to adopt such a rule, however. The General Assembly, by adopting a less stringent standard of service for complaints filed under the late-filing provisions of Rule 3, clearly did not intend the delayed service of the complaint to be a link in the chain of process. This is especially true in light of the fact that the present option of service by mail for the late complaint constitutes a departure from the former practice requiring formal service. *See* G.S. 1-121 (Cum. Supp. 1967). This Court has held that Rule 3 requires only filing of the complaint, not service, within the 20-day period. *Hasty v. Carpenter*, 40 N.C. App. 261, 252 S.E. 2d 274, *disc. review denied*, 297 N.C. 453, 256 S.E. 2d 806 (1979). A complaint is not a summons. The relevant extension provisions of Rule 4 refer only to summons, endorsements upon summons, and "the chain of summonses." G.S. 1A-1, Rule 4(d)(1), 4(d)(2), 4(e). The former statutory rules for keeping alive an action speak exclusively of a "chain of summonses." G.S. 1-95 (Cum. Supp. 1967). The present rule continues the former practice. G.S. 1A-1, Rule 4, Comment. Finally, the State-printed document accompanying the delayed complaint is not entitled "Summons," but "Delayed Service of Complaint." We therefore hold that the delayed service of complaint does not constitute a link in the chain of process. The 30 August 1982 summons correctly referred back to the original summons and the chain of summonses properly related back to 25 June 1982.

V

[2] Defendant argues that since Rule 3 requires service of the summons and order extending time "in accordance with the provisions of Rule 4," the order must be served with each subsequent summons to constitute effective process. The alias and pluries summons eventually served, he argues, was "for the sole purpose

of serving the complaint, not the application and order," and therefore only related back to the filing of the complaint.

Rule 4 does ordinarily require the service of the summons and the complaint together. G.S. 1A-1, Rule 4(j)(1). By extension, then, service "in accordance with the provisions of Rule 4" would require service of the summons and order together. However, we believe that to continue to slavishly apply this rule long after filing of the complaint would entirely ignore the purpose of the rules and the functions of the various forms of process. Accordingly, we reject defendant's argument.

### A

The summons constitutes the means of obtaining jurisdiction over the defendant. *See Stone v. Hicks*, 45 N.C. App. 66, 262 S.E. 2d 318 (1980) (defective summons means no jurisdiction); Black's Law Dictionary 1287 (5th ed. 1979). In order to be valid, the summons must run in the name of the State and must, unlike the complaint, bear the signature of the clerk of court or his deputy. G.S. 1A-1, Rule 4(b). The summons, not the complaint, constitutes the exercise of the power of the State to bring the defendant before the court. As such, defects in the summons receive careful scrutiny and can prove fatal to the action. *See Harris v. Maready*, 64 N.C. App. 1, 306 S.E. 2d 799 (1983).

### B

The complaint, on the other hand, is a different animal. It need only be signed by a party or its attorney. G.S. 1A-1, Rule 11(a). It confers no jurisdiction. As noted above, it need not even be filed until after the lawsuit commences. G.S. 1A-1, Rule 3. The complaint serves to give the opposing party notice of the type of suit brought, the transactions or occurrences relied upon, and the relief demanded. *Sutton v. Duke*, 277 N.C. 94, 176 S.E. 2d 161 (1970). Unlike the summons, the complaint is liberally construed. *Gore v. Ball, Inc.*, 279 N.C. 192, 182 S.E. 2d 389 (1971). It gives only general notice which subsequent discovery may focus into the narrow legal issues at trial. *Sutton v. Duke, supra*.

The application and order is even more conclusory. It need only state "the nature and purpose" of the action. G.S. 1A-1, Rule 3. The order's purpose is only to give the defendant "preliminary notice" of the type of suit. *Morris v. Dickson*, 14 N.C. App. 122,

187 S.E. 2d 409 (1972). It merely serves as a warning that a more detailed complaint will be filed; in fact, this Court has held that a Rule 3 order which fails entirely to state the nature and purpose of the action does not constitute grounds for dismissal. *Id., following Roberts v. Bottling Co.*, 256 N.C. 434, 124 S.E. 2d 105 (1962). Therefore, once the complaint has been filed and is available to accompany the summons in search of defendant(s), any rationale for continuing to require service of the order diminishes to total insignificance. Defendant's insistence that the only purpose of the summons was to effectuate service of the complaint, not the order, and that this was somehow improper, has no basis in anything but technicality. In fact, the purpose defendant contends is improper appears to be one of the very purposes for which the summons exists and is used in the first place.

Defendant's own affidavit establishes that he received the summons and complaint together, and thus that no possible prejudice or surprise could have resulted. *See Sharpe v. Pugh*, 270 N.C. 598, 155 S.E. 2d 108 (1967) (no surprise by addition of new cause of action); *Morris v. Dickson, supra.* As has been pointed out often enough since the adoption of our Rules of Civil Procedure, they reflect an intent to end the worship of procedural technicality over substance. *Id.; see* J. Sizemore, General Scope and Philosophy of the New Rules, 5 Wake Forest L. Rev. 1, 4-7 (1969). To hold for defendant on this point would clearly run contrary to this policy. The failure to serve the order extending time accordingly did not constitute grounds for dismissal.

## VI

To recapitulate, we hold: (1) that the "Delayed Service of Complaint" did not constitute a necessary link in the chain of summonses and that plaintiff properly kept his action alive; and (2) that the simultaneous service of the summons and the timely-filed complaint without an accompanying copy of the order extending time does not constitute grounds for dismissal. Therefore, plaintiff's action never discontinued, and the trial court erred in dismissing it. The order is

Reversed.

Judges WELLS and BECTON concur.