IN THE MATTER OF: D.S.A., A MINOR CHILD

No. COA06-1190

(Filed 20 February 2007)

## 1. Child Abuse and Neglect— jurisdiction—affidavit of child's whereabouts

The omission of an N.C.G.S. § 50A-209 affidavit setting forth the present addresses and names of persons with whom the child has lived during the past five years does not by itself divest the trial court of jurisdiction in a termination of parental rights case, and there is no reason to hold differently in the case of a juvenile adjudication and disposition.

## 2. Child Abuse and Neglect— neglect—sufficient evidence

There was sufficient information to find that a juvenile was neglected where the trial court took judicial notice of files, documents, and orders without notice to the parties. A court may take judicial notice on its own motion, and while it is better practice to give express notice to the parties, it is not required. Furthermore, the court in a bench trial is presumed to disregard incompetent evidence.

## 3. Child Abuse and Neglect— custody with DSS rather than paternal grandparents—paternity not established

The trial court did not abuse its discretion by placing a juvenile in the custody of DSS when the parents were willing to place the juvenile with the paternal grandparents. The father had not submitted to paternity testing, though he did not deny being the father, DSS had not completed a home study of the paternal grandparents, and it could not be said that it was in the best interest of the juvenile to be placed in a home from which he could later be removed.

IN RE D.S.A.

[181 N.C. App. 715 (2007)]

**4. Child Abuse and Neglect— custody of neglected juvenile with DSS—visitation in DSS discretion**

The trial court erred by granting DSS the discretion to determine visitation between a neglected juvenile placed in the custody of DSS and the parents.

Judge LEVINSON concurring.

Appeal by respondent-parents from order entered 6 July 2006 by Judge Edgar B. Gregory in Yadkin County District Court. Heard in the Court of Appeals 22 January 2007.

*Benjamin H. Harding, Jr., PLLC, by Benjamin H. Harding, Jr., for Yadkin County Department of Social Services, petitioner appellee.*

*Richard Croutharmel for respondent-mother appellant.*

*Annick Lenoir-Peek for respondent-father appellant.*

*Tracie M. Jordan for guardian ad litem appellee.*

McCULLOUGH, Judge.

Respondent-parents appeal from an adjudication and disposition order adjudicating D.S.A. a neglected juvenile and placing custody of D.S.A. with Yadkin County Department of Social Services.

On 9 June 2006, Yadkin County Department of Social Services ("DSS") filed a juvenile petition in Yadkin County District Court alleging that D.S.A. was an abused juvenile based on the contention that the minor child lived in an environment injurious to the child's welfare. A hearing was held on 26 June 2006 on the petition. On 6 July 2006, the trial court entered a juvenile adjudication and disposition order finding and concluding that D.S.A. was a neglected juvenile and removing D.S.A. from the custody of respondent-parents. Respondent-parents appeal.

[1] Respondent-father contends that the trial court lacked jurisdiction where the juvenile petition failed to comply with the requirements set forth under N.C. Gen. Stat. § 50A-209 and therefore must be vacated.

N.C. Gen. Stat. § 50A-209 sets forth, "[i]n a child-custody proceeding, each party, in its first pleading or in an attached affidavit, shall give information, if reasonably ascertainable, under oath

**IN RE D.S.A.**

[181 N.C. App. 715 (2007)]

as to the child's present address or whereabouts, the places where the child has lived during the last five years, and the names and present addresses of the persons with whom the child has lived during that period." N.C. Gen. Stat. § 50A-209(a) (2005). Respondent-father contends that where DSS failed to attach an affidavit as to the status of D.S.A. to the juvenile petition, the district court lacked subject matter jurisdiction.

N.C. Gen. Stat. § 7B-200 vests "exclusive, original jurisdiction over any case involving a juvenile who is alleged to be abused, neglected, or dependent" in the district court. N.C. Gen. Stat. § 7B-200(a) (2005). This Court has previously stated that the omission of an N.C. Gen. Stat. § 50A-209 affidavit does not by itself divest the trial court of jurisdiction in a termination of parental rights case, and we see no reason to hold differently in the case of a juvenile adjudication and disposition. *In re J.D.S.*, 170 N.C. App. 244, 249, 612 S.E.2d 350, 354, *cert. denied*, 360 N.C. 64, 623 S.E.2d 584 (2005). In *J.D.S.* this Court determined that the lower court retained exclusive, original jurisdiction over the action to terminate parental rights where such was granted by statute. *Id.* at 248-49, 612 S.E.2d at 353. It was further noted, " '[a]lthough it remains the better practice to require compliance with section 50A-209, failure to file this affidavit does not, by itself, divest the trial court of jurisdiction.' " *Id.* at 249, 612 S.E.2d at 354 (citation omitted).

In the instant case, statutory authority provided the lower court with jurisdiction; and where respondent-father's only contention on appeal supporting lack of jurisdiction is that the trial court was divested of such jurisdiction due to failure to attach the affidavit required under N.C. Gen. Stat. § 50A-209, this argument must fail.

**[2]** Respondent-parents argue on appeal that the trial court erred in finding and concluding that D.S.A. is a neglected juvenile where there was insufficient evidence to support such.

"The allegations in a petition alleging abuse, neglect, or dependency shall be proved by clear and convincing evidence." N.C. Gen. Stat. § 7B-805 (2005). The role of this Court in reviewing an initial adjudication of neglect and abuse is to determine "(1) whether the findings of fact are supported by 'clear and convincing evidence,' and (2) whether the legal conclusions are supported by the findings of fact[.]" *In re Gleisner*, 141 N.C. App. 475, 480, 539 S.E.2d 362, 365 (2000) (citation omitted). "In a non-jury neglect [and abuse] adjudication, the trial court's findings of fact supported by clear and con-

vincing competent evidence are deemed conclusive, even where some evidence supports contrary findings." *In re Helms*, 127 N.C. App. 505, 511, 491 S.E.2d 672, 676 (1997).

A neglected juvenile is defined as:

A juvenile who does not receive proper care, supervision, or discipline from the juvenile's parent, guardian, custodian, or caretaker; or who has been abandoned; or who is not provided necessary medical care; or who is not provided necessary remedial care; or who lives in an environment injurious to the juvenile's welfare; or who has been placed for care or adoption in violation of law.

N.C. Gen. Stat. § 7B-101(15) (2005). The statute further states

In determining whether a juvenile is a neglected juvenile, it is relevant whether that juvenile lives in a home where another juvenile has died as a result of suspected abuse or neglect or lives in a home where another juvenile has been subjected to abuse or neglect by an adult who regularly lives in the home.

*Id.*

The trial court found that D.W.G.B., the older sibling of D.S.A., was adjudicated abused and neglected on 25 August 2005. Respondent-mother's boyfriend, who was cohabiting with her at the time of the abuse, pled guilty to first-degree sexual offense with a child, first-degree sexual offense, sexual offense by a person in the position of a parent with a victim who is a minor residing in the home, taking indecent liberties with a child, felony child abuse inflicting serious bodily injury and crime against nature as to D.W.G.B. and was sentenced to 209 to 260 months' imprisonment. Respondent-mother has further been indicted for the crime of felony child abuse by a parent inflicting serious bodily injury and is awaiting trial on the indictment.

Each of these findings were supported by clear, cogent and convincing evidence in the record. These findings were based on files, documents, and orders to which the lower court took judicial notice. While respondent-mother contends that such evidence was considered in error due to the failure of the court to give notice to the parties that judicial notice was being taken and the possibility of the orders being subjected to a lower evidentiary standard, we find no merit in such contention.

**IN RE D.S.A.**

[181 N.C. App. 715 (2007)]

N.C. Gen. Stat. § 8C-1, Rule 201 states that a court may take judicial notice on its own motion. N.C. Gen. Stat. § 8C-1, Rule 201(c) (2005). Further, while it is the better practice to give express notice to the parties of the intention to take judicial notice of matters contained in the juvenile's file, it is not required. *In re M.N.C.*, 176 N.C. App. 114, 121, 625 S.E.2d 627, 632 (2006). Moreover, there is a "well-established supposition that the trial court in a bench trial 'is presumed to have disregarded any incompetent evidence.'" *In re J.B.*, 172 N.C. App. 1, 16, 616 S.E.2d 264, 273 (2005) (citation omitted) (finding no error in a trial court's decision to take judicial notice of prior orders contained in the juvenile's file).

It was further found that respondent-parents intended to take D.S.A. to their home and that the home was admittedly unsuitable for D.S.A. to live in. While there was evidence of an intention to place D.S.A. with the paternal grandparents, respondent-father testified at the hearing that he had been unable to convince respondent-mother of the plan and a social worker further testified that respondent-mother was not in favor of placing D.S.A. with the paternal grandparents and planned to take the child home with her.

Just as this Court decided in *In re A.B.*, 179 N.C. App. 605, 635 S.E.2d 11 (2006), where these findings of fact are supported by clear, cogent, and convincing evidence, it certainly follows that the conclusion of the trial court that D.S.A. is a neglected juvenile under the statute is supported by such findings of fact.

**[3]** Respondent-father next contends that the trial court erred in placing D.S.A. in the custody of DSS.

Specifically, respondent-father argues that the trial court erred in placing D.S.A. in the custody of D.S.S. where respondent-parents were voluntarily willing to place D.S.A. with relatives, namely the paternal grandparents. We disagree.

A dispositional order placing a juvenile in the custody of D.S.S. "(1) [s]hall contain a finding that the juvenile's continuation in or return to the juvenile's own home would be contrary to the juvenile's best interest" and "(2) [s]hall contain findings as to whether a county department of social services has made reasonable efforts to prevent or eliminate the need for placement of the juvenile[.]" N.C. Gen. Stat. § 7B-507(a) (2005).

N.C. Gen. Stat. § 7B-903 provides that in placing a juvenile outside of the home, "the court shall first consider whether a relative of the

**IN RE D.S.A.**

[181 N.C. App. 715 (2007)]

juvenile is willing and able to provide proper care and supervision of the juvenile in a safe home." N.C. Gen. Stat. § 7B-903(a)(2)(c) (2005). However, the statute further provides that the court is not bound to place the child with such relative, if "the court finds that the placement is contrary to the best interests of the juvenile." *Id.* We review a trial court's determination as to the best interest of the child for an abuse of discretion. *In re Pittman*, 149 N.C. App. 756, 766, 561 S.E.2d 560, 567, *disc. review denied, appeal dismissed,* 356 N.C. 163, 568 S.E.2d 608 (2002), *cert. denied,* 538 U.S. 982, 155 L. Ed. 2d 673 (2003).

In the instant case, the trial court found that, while respondent-father does not deny that he is the father of D.S.A., he has not submitted to paternity testing in order to confirm that he is in fact the father. Further, DSS had not completed a home study of the paternal grandparents to determine whether such home was a safe environment for D.S.A. It cannot be said to be in the best interest of D.S.A. to be placed in a home where he could later be subject to removal were it determined that respondent-father was not the biological father of D.S.A., and in turn that the paternal grandparents were not relatives. Such determination cannot be said to be an abuse of discretion.

[4] Respondent-parents further contend that it was error for the trial court to order that the visitation between respondent-parents and D.S.A. be in the discretion of DSS.

N.C. Gen. Stat. § 7B-905(c) (2005) specifically states in part that:

Any dispositional order under which a juvenile is removed from the custody of a parent, guardian, custodian, or caretaker, or under which the juvenile's placement is continued outside the home shall provide for appropriate visitation as may be in the best interests of the juvenile and consistent with the juvenile's health and safety. If the juvenile is placed in the custody or placement responsibility of a county department of social services, the court may order the director to arrange, facilitate, and supervise a visitation plan expressly approved by the court. If the director subsequently makes a good faith determination that the visitation plan may not be in the best interests of the juvenile or consistent with the juvenile's health and safety, the director may temporarily suspend all or part of the visitation plan. The director shall not be subjected to any motion to show cause for this suspension, but shall expeditiously file a motion for review.

*Id.* Respondent-parents correctly note that this Court has found error in a trial court's decision to grant a custodial guardian discretion in determining visitation between parents and the minor child. *In re E.C.*, 174 N.C. App. 517, 621 S.E.2d 647 (2005). However, in contrast to the instant case, in *E.C.* and other unpublished opinions of this Court which have followed *E.C.*, the lower court granted discretion in a guardian other than DSS. Here, the trial court vested custody of D.S.A. in Yadkin County DSS.

As noted above, N.C. Gen. Stat. § 7B-905(c) states that when a juvenile is placed in the custody of a county department of social services, "the court may order the director to arrange, facilitate, and supervise a visitation plan expressly approved by the court." *Id.* The statute further specifies that, "[i]f the director subsequently makes a good faith determination that the visitation plan may not be in the best interests of the juvenile or consistent with the juvenile's health and safety, the director may temporarily suspend all or part of the visitation plan." *Id.*

The trial court ordered "Visitation of D.S.A. by Jeremy S. [A.], Denise R. Bobbitt or any other person shall be in the discretion of the Yadkin County [DSS] at such time and on such terms and conditions as the Yadkin County [DSS] deems appropriate." DSS must submit such visitation plan, whatever that may be, to the court for approval, and therefore this case must be remanded for action in accordance with this opinion.

Pursuant to N.C. R. App. 28(b)(6) all other errors assigned by respondents but not brought forward on appeal are deemed abandoned.

Accordingly, the juvenile adjudication and disposition order is remanded for submission of a visitation plan to the court by DSS for approval.

Remanded.

Chief Judge MARTIN concurs.

Judge LEVINSON concurs with separate opinion.

LEVINSON, Judge concurring.

I write separately to clarify the reasons I believe the trial court erred by ordering that visitation between respondent-parents and the juvenile be in the discretion of DSS.

Any dispositional order under which a juvenile is removed from the custody of a parent, guardian, custodian, or caretaker, or under which the juvenile's placement is continued outside the home shall provide for appropriate visitation as may be in the best interests of the juvenile and consistent with the juvenile's health and safety. If the juvenile is placed in the custody or placement responsibility of a county department of social services, the court may order the director to arrange, facilitate, and supervise a visitation plan expressly approved by the court. If the director subsequently makes a good faith determination that the visitation plan may not be in the best interests of the juvenile or consistent with the juvenile's health and safety, the director may temporarily suspend all or part of the visitation plan. The director shall not be subjected to any motion to show cause for this suspension, but shall expeditiously file a motion for review.

N.C. Gen. Stat. § 7B-905(c) (2005) (emphasis added).

This statute provides that, in the event the juvenile is placed in the care of DSS, "the court" may require DSS to "arrange, facilitate, and supervise a visitation plan expressly approved by the court." In other words, the court must establish the visitation plan. This statute does not authorize DSS to do so. The provision in G.S. § 7B-905(c) affording the director of DSS to "temporarily suspend" visitation under certain circumstances does not suggest that DSS itself may, as in the instant case, be ordered to establish and implement its own plan. In authorizing the director of DSS to suspend visitation, the General Assembly was apparently concerned with those emergency circumstances where hearings before the trial court are not immediately practicable.

According to the majority opinion, DSS must submit a visitation plan "to the trial court for approval" on remand. My concern with the reasoning in the majority opinion is that it does not squarely conclude that the trial court erred by vesting discretion in DSS to determine visitation "at such time[s] and on such terms and conditions as [DSS] deems appropriate."