IN THE MATTER OF: K.J.L.

No. COA08-284

(Filed 19 August 2008)

**Termination of Parental Rights— jurisdiction—summons not signed, dated, or stamped**

The trial court did not have jurisdiction to terminate parental rights where it lacked jurisdiction over the underlying juvenile file. The summonses were not signed or dated by the clerk of court, and did not contain an official stamp indicating their status as having been filed.

Appeal by respondent from an order entered 15 January 2008 by Judge Mary F. Covington in Davidson County District Court. Heard in the Court of Appeals 23 July 2008.

*Charles E. Frye, III, for petitioner-appellee Davidson County Department of Social Services; Laura B. Beck, for appellee Guardian ad Litem.*

*Robert W. Ewing, for respondent-appellant.*

HUNTER, Judge.

K.J.L., the minor child, was born on 18 July 2005. On 28 March 2006, the Davidson County Department of Social Services ("DSS") filed a petition alleging that K.J.L. was a neglected and dependent juvenile. On 8 September 2006, the district court adjudicated K.J.L. a neglected juvenile based on a stipulation between the parties. On 12 April 2007, DSS filed a petition to terminate respondent's parental rights. On 15 January 2008, the trial court terminated respondent's parental rights. Respondent appeals.

IN RE K.J.L.

[192 N.C. App. 272 (2008)]

The threshold issue for this Court to consider on appeal is whether the trial court acquired jurisdiction of the subject matter of this juvenile action and the respondent without the proper issuance of summons. We hold that it did not.

A juvenile action, including a proceeding in which a juvenile is alleged to be neglected, is commenced by the filing of a petition. N.C. Gen. Stat. § 7B-405 (2007). Service of process in a juvenile proceeding involving abuse, neglect, and dependency is governed by N.C. Gen. Stat. § 7B-406(a), which provides that "[i]mmediately after a petition has been filed alleging that a juvenile is abused, neglected, or dependent, the clerk shall issue a summons to the parent . . . requiring [him] to appear for a hearing at the time and place stated in the summons." N.C. Gen. Stat. § 7B-406(a) (2007). The issuance and service of process is the means by which the court obtains jurisdiction. *Latham v. Cherry*, 111 N.C. App. 871, 873, 433 S.E.2d 478, 481 (1993), *cert. denied*, 335 N.C. 556, 441 S.E.2d 116 (1994); *Childress v. Forsyth County Hospital Auth.*, 70 N.C. App. 281, 285, 319 S.E.2d 329, 332 (1984), *disc. review denied*, 312 N.C. 796, 325 S.E.2d 484 (1985).

Respondent argues that the trial court did not acquire jurisdiction over the underlying juvenile file, which gave custody to the petitioner and adjudicated the minor child as neglected, because the civil summons was not issued by the clerk of court. In the instant case, the summonses included in the record were neither signed nor dated by the clerk of court. See N.C. Gen. Stat. § 1A-1, Rule 4(a) (2007) ("[a] summons is issued when, after being filled out and dated, it is signed by the officer having authority to do so"); *Childress*, 70 N.C. App. at 285, 319 S.E.2d at 332 ("[t]he summons constitutes the means of obtaining jurisdiction over the defendant. In order to be valid, the summons must run in the name of the State and *must . . .* bear the signature of the clerk of court or his deputy. G.S. 1A-1, Rule 4(b). The summons . . . constitutes the exercise of the power of the State to bring the defendant before the court. As such, defects in the summons receive careful scrutiny and can prove fatal to the action") (emphasis added; internal citation omitted). We further note that the summonses do not contain an official stamp indicating their status as having been filed. Thus, it appears that no valid summonses were issued.

"Where no summons is issued the court acquires jurisdiction over neither the persons nor the subject matter of the action." *In re Mitchell*, 126 N.C. App. 432, 433, 485 S.E.2d 623, 624 (1997) (citing

IN RE K.J.L.

[192 N.C. App. 272 (2008)]

*Swenson v. Assurance Co.*, 33 N.C. App. 458, 235 S.E.2d 793 (1977)). Therefore, because no valid summonses issued, the trial court did not have jurisdiction over the underlying juvenile file, and it lacked jurisdiction to terminate respondent's parental rights. Accordingly, we vacate the order terminating respondent's parental rights.

Vacated.

Judges McGEE and STROUD concur.