674 S.E.2d 789 (2009)
In the Matter of K.L.
No. COA08-1353.
Court of Appeals of North Carolina.
April 7, 2009.
*790 Charles E. Frye, III, Lexington, for petitioner-appellee.
Robert W. Ewing, Clemmons, for respondent-appellant.
Laura B. Beck, Lexington, for guardian ad litem.
GEER, Judge.
Respondent mother appeals from an order of the trial court granting a motion by the Davidson County Department of Social Services ("DSS") to amend the summons in an abuse, neglect, and dependency proceeding. Respondent's parental rights have been terminated in a separate order ("TPR order") that is currently on appeal. In that appeal, respondent has argued that the TPR order should be vacated because the clerk of court failed to sign the summons in the abuse, neglect, and dependency proceeding. During the pendency of that appeal, DSS filed a motion in the trial court to amend the summons. Under N.C. Gen.Stat. § 7B-1003(c) (2007), however, when a party has appealed an order terminating parental rights that arose out of a petition to terminate parental rights, the trial court has no authority  even in the underlying abuse, neglect, and dependency action  to enter any orders other than ones affecting the custody and/or placement of the juvenile. As a result, we agree with respondent that the trial court had no jurisdiction to enter an order allowing DSS to amend the summons while the appeal of the TPR order was pending. We, therefore, vacate the trial court's order.

Facts
On 28 March 2006, DSS filed a petition alleging that K.L. ("Kim") was a neglected and dependent juvenile in file no. 06 J 71.[1] On 8 September 2006, the trial court entered orders in file no. 06 J 71 adjudicating Kim neglected and directing that she remain in DSS custody. On 12 April 2007, DSS filed a petition to terminate respondent's parental rights in file no. 06 JT 71. On 15 January 2008, the trial court entered an order terminating respondent's parental rights in file no. 06 JT 71.
On 31 January 2008, respondent gave notice of appeal from the TPR order. On 22 February 2008, respondent served on DSS a copy of the proposed record on appeal. In the proposed record on appeal, respondent included an assignment of error contending that the trial court did not acquire jurisdiction over the underlying juvenile case, file no. 06 J 71, in which Kim was adjudicated neglected because the summons was not signed, and therefore not issued, by the clerk of court.
On 4 March 2008, DSS filed a motion in the underlying juvenile case, file no. 06 J 71, to amend the summons under N.C.R. Civ. P. 4(i). Attached to DSS' motion was the affidavit of Deputy Clerk of Superior Court Kimla Kirkman explaining that she had filled in the summons to be served on respondent by assigning a file number and adding the *791 name of the attorney assigned to represent respondent and the date and time set for the hearing. Ms. Kirkman stated that "due to an oversight, [she] inadvertently failed to sign" the summons. DSS asked "that the Court enter an order directing the Deputy Clerk to sign the Juvenile Summons and Notice of Hearing and to allow the amendment of such Juvenile Summons."
On 7 March 2008, respondent filed a motion to set aside the judgment in file no. 06 J 71 on the ground that the summons was not signed. On 23 April 2008, the trial court entered an order allowing DSS' motion to amend the summons. The trial court determined that respondent's motion to set aside the judgment had been rendered moot and, therefore, dismissed that motion.
Respondent gave notice of appeal from the 23 April 2008 order on 7 May 2008. On 18 September 2008, this Court dismissed the appeal, but, on 2 October 2008, allowed respondent's petition for writ of certiorari.

Discussion
We first note that only the 23 April 2008 order allowing the motion to amend the summons in file no. 06 J 71 is before this panel. On 19 August 2008, another panel of this Court vacated the trial court's TPR order for lack of subject matter jurisdiction on the ground that, "because no valid summonses issued, the trial court did not have jurisdiction over the underlying juvenile file, and it lacked jurisdiction to terminate respondent's parental rights." See In re K.J.L., ___ N.C.App. ___, ___, 665 S.E.2d 504, 505 (2008). On 22 September 2008, the guardian ad litem filed a petition for rehearing that was allowed on 30 September 2008. On 16 December 2008, the panel issued a new opinion replacing the 19 August 2008 opinion. See In re K.J.L., ___ N.C.App. ___, 670 S.E.2d 269 (2008). The Court again vacated the TPR order for lack of jurisdiction based on the defective summons in the underlying juvenile action. Id. at ___, 670 S.E.2d at 270. Judge Robert C. Hunter dissented. DSS and the guardian ad litem filed a notice of appeal to the Supreme Court based on that dissent on 9 January 2009.
Although respondent devotes a significant portion of her brief to the question whether the trial court lacked jurisdiction over the underlying juvenile file in 06 J 71 because of the defective summons, that issue was presented in the first appeal and is currently pending before the Supreme Court. We need not decide whether the lack of jurisdiction found in the first appeal precluded the trial court from entering the 23 April 2008 order amending the summons under N.C.R. Civ. P. 4(i) because we have concluded that the trial court lacked jurisdiction under N.C. Gen.Stat. § 7B-1003(c).
As a general rule, a perfected appeal "stays all further proceedings in the court below upon the judgment appealed from, or upon the matter embraced therein; but the court below may proceed upon any other matter included in the action and not affected by the judgment appealed from." N.C. Gen. Stat. § 1-294 (2007). Our Supreme Court has observed that this general rule "is true unless a specific statute addresses the matter in question." In re R.T.W., 359 N.C. 539, 550, 614 S.E.2d 489, 496 (2005). In the context of abuse, neglect, and dependency proceedings and termination of parental rights proceedings (governed by Subchapter I of Chapter 7B of the General Statutes), our General Assembly has, in N.C. Gen.Stat. § 7B-1003, enacted a specific statute addressing the authority of trial courts pending appeals. R.T.W., 359 N.C. at 550, 614 S.E.2d at 496. See also In re Huber, 57 N.C.App. 453, 459, 291 S.E.2d 916, 920 ("Although N.C.G.S. 1-294 states the general rule regarding jurisdiction of the trial court pending appeal, it is not controlling here [in juvenile cases], where there is a specific statute addressing the matter in question."), appeal dismissed and disc. review denied, 306 N.C. 557, 294 S.E.2d 223 (1982).
The current version of N.C. Gen.Stat. § 7B-1003 provides:
(a) During an appeal of an order entered under this Subchapter, the trial court may enforce the order unless the trial court or an appellate court orders a stay.
(b) Pending disposition of an appeal, unless directed otherwise by an appellate *792 court or subsection (c) of this section applies, the trial court shall:
(1) Continue to exercise jurisdiction and conduct hearings under this Subchapter with the exception of Article 11 of the General Statutes; and
(2) Enter orders affecting the custody or placement of the juvenile as the court finds to be in the best interests of the juvenile.
(c) Pending disposition of an appeal of an order entered under Article 11 of this Chapter where the petition for termination of parental rights was not filed as a motion in a juvenile matter initiated under Article 4 of this Chapter, the court may enter a temporary order affecting the custody or placement of the juvenile as the court finds to be in the best interests of the juvenile. Upon the affirmation of the order of adjudication or disposition of the court in a juvenile case by the Court of Appeals, or by the Supreme Court in the event of an appeal, the court shall have authority to modify or alter its original order of adjudication or disposition as the court finds to be in the best interests of the juvenile to reflect any adjustment made by the juvenile or change in circumstances during the period of time the case on appeal was pending, provided that if the modifying order be entered ex parte, the court shall give notice to interested parties to show cause, if there be any, within 10 days thereafter, as to why the modifying order should be vacated or altered.
The parties to this appeal disagree on the proper construction of this statute in determining whether the trial court had jurisdiction to enter its order allowing amendment of the summons.
Resolving this dispute requires us to determine the intent of the General Assembly as to the authority of trial courts to enter orders while appeals under Subchapter I of Chapter 7B of the General Statutes are pending. See Ridge Cmty. Investors, Inc. v. Berry, 293 N.C. 688, 695, 239 S.E.2d 566, 570 (1977) ("In interpreting statutes, the primary duty of this Court is to ascertain and effectuate the intent of the Legislature."). As our Supreme Court has recently observed, "[w]hen interpreting a statute, we ascertain the intent of the legislature, first by applying the statute's language and, if necessary, considering its legislative history and the circumstances of its enactment." Shaw v. U.S. Airways, Inc., 362 N.C. 457, 460, 665 S.E.2d 449, 451 (2008).
The circumstances surrounding the enactment of N.C. Gen.Stat. § 7B-1003 are important to an understanding of the General Assembly's intent. The statute was substantially amended in 2005. See 2005 N.C. Sess. Laws ch. 398, § 12. Prior to that amendment, appeals from TPR orders and dispositions pending those appeals were specifically addressed in N.C. Gen.Stat. § 7B-1113 (2003), which fell within Article 11 of Subchapter I, the article addressing the termination of parental rights. N.C. Gen.Stat. § 7B-1003 fell within Article 10, which appeared to govern appeals related to abuse, neglect, and dependency proceedings.
The Court in R.T.W., 359 N.C. at 549, 614 S.E.2d at 495, addressed whether a trial court had jurisdiction to terminate parental rights while an appeal from an order in an abuse, neglect, and dependency proceeding was pending. As the Supreme Court noted, id. at 549, 614 S.E.2d at 495, the Court of Appeals had held that N.C. Gen.Stat. § 7B-1003 divested the trial court of jurisdiction to enter a TPR order when statute provided (as then written):
"Pending disposition of an appeal, the return of the juvenile to the custody of the parent or guardian of the juvenile, with or without conditions, may issue unless the court orders otherwise.... For compelling reasons which must be stated in writing, the court may enter a temporary order affecting the custody or placement of the juvenile as the court finds to be in the best interests of the juvenile or the State."
R.T.W., 359 N.C. at 550, 614 S.E.2d at 496 (quoting N.C. Gen.Stat. § 7B-1003 (2003)). The Supreme Court, in concluding that the General Assembly did not intend in § 7B-1003 to prohibit termination of parental rights proceedings under Article 11, pointed out that "[o]n its face, N.C.G.S. § 7B-1003 nowhere references orders terminating parental rights." R.T.W., 359 N.C. at 550, 614 *793 S.E.2d at 496. The Court explained further: "Rightly understood, then, N.C.G.S. § 7B-1003 conserves the ability of trial courts to protect children during the pendency of custody order appeals. The statute is silent on proceedings to terminate parental rights." Id. at 551, 614 S.E.2d at 496. The Court further concluded that N.C. Gen.Stat. § 1-294 did not preclude the trial court from acting to terminate respondent's parental rights. R.T.W., 359 N.C. at 551, 614 S.E.2d at 497.
Immediately after R.T.W., the General Assembly passed substantial amendments to Subchapter I of Chapter 7B of the General Statutes. 2005 N.C. Sess. Laws ch. 398. As reflected in the current version of N.C. Gen. Stat. § 7B-1003, the General Assembly, in those amendments, repealed the separate appeal provision relating to termination of parental rights proceedings set out in N.C. Gen.Stat. § 7B-1113 (repealed 2005). Article 10 now contains all provisions relating to appeals of orders entered under Subchapter I of Chapter 7B, including TPR orders. N.C. Gen.Stat. § 7B-1001 (2007) specifies the orders from which an appeal may be taken, while N.C. Gen.Stat. § 7B-1003 sets out the trial court's authority to enter orders pending appeal. The amendments superceded R.T.W. by specifically providing that pending an appeal, a trial court "shall ... [c]ontinue to exercise jurisdiction and conduct hearings under this Subchapter with the exception of Article 11 of the General Statutes [relating to termination of parental rights]." N.C. Gen. Stat. § 7B-1003(b)(1).
Subsection (b) of § 7B-1003 now addresses the authority of a trial court pending any appeal "unless directed otherwise by an appellate court or subsection (c) of this section applies." N.C. Gen.Stat. § 7B-1003(b) (emphasis added). Subsection (c) addresses the authority of a trial court "[p]ending disposition of an appeal of an order entered under Article 11 of this Chapter [governing termination of parental rights] where the petition for termination of parental rights was not filed as a motion in a juvenile matter initiated under Article 4 of this Chapter." N.C. Gen. Stat. § 7B-1003(c). In other words, if DSS files a motion in the cause to terminate parental rights, then § 7B-1003(b) applies, but if DSS files a petition, initiating a new action (as occurred in this case), then N.C. Gen. Stat. § 7B-1003(c) applies.
This case involves an intersection of the two provisions. Because DSS chose to file a petition to terminate parental rights, there are now two actions relating to Kim: the neglect proceeding (file no. 06 J 71) and the TPR proceeding (file no. 06 JT 71). DSS argues that because the appeal occurred in file no. 06 JT 71, only the trial court's authority in 06 JT 71 was affected. According to DSS, the trial court was free to act in 06 J 71. We do not believe that such an interpretation of N.C. Gen.Stat. § 7B-1003 would accord with the legislature's intent, as revealed by the long-standing interpretation given to § 7B-1003 and its predecessor versions, as well as the recent amendments.
As the Supreme Court acknowledged in R.T.W., 359 N.C. at 551, 614 S.E.2d at 496, the purpose of N.C. Gen.Stat. § 7B-1003 is to "conserve[ ] the ability of trial courts to protect children during the pendency of custody order appeals." Indeed, 17 years ago, this Court noted, with respect to a predecessor statute similarly granting a trial court authority to enter, pending appeal, temporary orders affecting the custody or placement of the juvenile, that "[w]ithout authority of the district court to provide for the treatment of [the child] pending appeal, a recalcitrant party could frustrate the efforts of the court to provide for her best interests by simply entering notice of appeal. The law is not so foolish." Huber, 57 N.C.App. at 459, 291 S.E.2d at 920. As the Court explained further, "N.C.G.S. 1-294 and the cases decided thereunder control further action by the trial court in general pending appeal, but with respect to proceedings concerning infants the rule is appropriately different. Infants require, and are entitled to, the uninterrupted protection of the courts." Id.
Thus, our appellate courts have long recognized that N.C. Gen.Stat. § 7B-1003 and its predecessors were intended to authorize continued jurisdiction for a limited purpose: protection of the child pending appeal. Prior to the 2005 amendments, N.C. Gen.Stat. *794 § 7B-1003 limited the trial court's jurisdiction pending an appeal to (1) returning the child to the parents, and (2) "[f]or compelling reasons which must be stated in writing, the court may enter a temporary order affecting the custody or placement of the juvenile as the court finds to be in the best interests of the juvenile or the State." N.C. Gen.Stat. § 7B-1113 similarly limited the jurisdiction of the trial court pending appeals from TPR orders to the entry of "a temporary order affecting the custody or placement of the juvenile as the court finds to be in the best interests of the juvenile or the best interests of the State."
With the 2005 amendments, the General Assembly did not expand this jurisdiction, but rather further limited it by expressly providing that the trial court lacks jurisdiction to conduct TPR proceedings following an appeal, whether DSS proceeds by a motion in the cause or begins a new action by filing a petition. N.C. Gen.Stat. § 7B-1003(b)(1). As to the trial court's authority to enter orders pending an appeal, the rule adopted by the General Assembly for abuse, neglect, and dependency proceedings is that the trial court may only "[e]nter orders affecting the custody or placement of the juvenile as the court finds to be in the best interests of the juvenile." N.C. Gen.Stat. § 7B-1003(b)(2). If the appeal arises out of a TPR petition, then the court "may enter a temporary order affecting the custody or placement of the juvenile as the court finds to be in the best interests of the juvenile." N.C. Gen.Stat. § 7B-1003(c). The language in both subsections limits the trial court's authority to the traditionally-recognized need to protect children pending appeals.
We are not willing to conclude, as DSS urges, that the General Assembly, on the one hand, intended to perpetuate this limited jurisdiction during appeals (and further limit it by superceding R.T.W.), but yet still intended, when TPR petitions are filed, to allow the trial court to enter any order at all in the abuse, neglect, and dependency proceeding. DSS' position that, for purposes of dispositions pending an appeal, the "jurisdiction" of the trial court in the abuse, neglect, and dependency action is entirely separate from the "jurisdiction" of the trial court in the TPR action was the view adopted by R.T.W. and rejected by the General Assembly in the 2005 amendments.
"The words and phrases of a statute must be interpreted contextually, and read in a manner which effectuates the legislative purpose." In re Appeal of Bass Income Fund, 115 N.C.App. 703, 705, 446 S.E.2d 594, 595 (1994) (internal quotation marks omitted). In this case, we would not effectuate the General Assembly's purpose in enacting the 2005 amendments if we were to construe N.C. Gen.Stat. § 7B-1003(b) to restore the dichotomy between the proceedings in a manner that allows the trial court to proceed in the abuse, neglect, and dependency action wholly independent from what is occurring in the TPR proceeding.
Moreover, DSS' approach would negate the caveat in N.C. Gen.Stat. § 7B-1003(b) that the trial court shall continue to exercise jurisdiction "unless ... subsection (c) of this section applies." Subsection (c) only applies when a separate action has been initiated by a petition. If we were to adopt DSS' contention, then  because the abuse, neglect, and dependency proceeding is a separate action  the trial court could continue to exercise jurisdiction notwithstanding the express language otherwise in subsection (b). It is, however, well established that "[w]hen interpreting a statutory provision, `[t]he legislature is presumed to have intended a purpose for each sentence and word in a particular statute, and a statute is not to be construed in a way which makes any portion of it ineffective or redundant.'" In re Appeal of Briarfield Farms, 147 N.C.App. 208, 217, 555 S.E.2d 621, 627 (2001) (quoting Peace River Elec. Coop. v. Ward Transformer Co., 116 N.C.App. 493, 502, 449 S.E.2d 202, 209 (1994), disc. review denied, 339 N.C. 739, 454 S.E.2d 655 (1995)), disc. review denied, 355 N.C. 211, 559 S.E.2d 798 (2002).
The plain language of the statute requires us to instead hold that N.C. Gen.Stat. § 7B-1003(c) provides that if a TPR order resulting from a petition has been appealed, then the trial court has jurisdiction  in both *795 the TPR action and the underlying abuse, neglect, and dependency action  only to "enter a temporary order affecting the custody or placement of the juvenile as the court finds to be in the best interests of the juvenile." N.C. Gen.Stat. § 7B-1003(c).
Based on this construction of § 7B-1003(c), once respondent, in this case, appealed the TPR order, the trial court lacked jurisdiction to enter the order allowing amendment of the summons. We, therefore, must vacate that order. Because of our resolution of this issue, we find it unnecessary to address respondent's remaining arguments.
Vacated.
Judges ELMORE and STEELMAN concur.
NOTES
[1] The pseudonym "Kim" will be used throughout the opinion to protect the minor's privacy and for ease of reading.