An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-432

Filed: 6 October 2015

Cumberland County, Nos. 12 JA 624-26

IN THE MATTER OF: M.D., C.D., T.D.

Appeal by respondent from orders entered 25 April 2014 and 11 June 2014 by Judge Edward A. Pone and 10 and 31 December 2014 by Judge A. Elizabeth Keever in Cumberland County District Court. Heard in the Court of Appeals 14 September 2015.

> *Elizabeth Kennedy-Gurnee for petitioner-appellee Cumberland County Department of Social Services.*
>
> *Blackburn & Tanner, by James E. Tanner III, for respondent-appellant mother.*
>
> *Beth A. Hall for guardian ad litem.*

DIETZ, Judge.

Respondent, the mother of juveniles M.D., C.D., and T.D., appeals from orders ceasing reunification efforts with her children and appointing Respondent's relatives as guardians for the children. As discussed below, the record supports the trial court's findings that Respondent repeatedly missed her random drug screenings, was living with a boyfriend with a violent criminal history, and failed to complete psychological and parenting assessments. These findings, in turn, support the trial court's decision

to cease reunification efforts and to appoint guardians for the juveniles. Accordingly, we affirm.

## Facts and Procedural History

On 23 November 2012, the Cumberland County Department of Social Services filed a petition alleging that M.D., C.D., and T.D. were neglected and/or seriously neglected and dependent juveniles. DSS received a report on 17 July 2012 concerning the safety of the juveniles. The report alleged that the juveniles' father "sleeps all day and takes pills (Percocet) and any drugs he can get. The home is nasty and trash is in the yard."

DSS received a second report on 21 September 2012, this time alleging that Respondent left the children in the home with the father, knowing that the father could not care for the children due to his substance abuse. Respondent's whereabouts were unknown. DSS stated that Respondent was addicted to prescription medication and unable to care for the juveniles due to her substance abuse. DSS further stated that Respondent had agreed to submit to random substance abuse testing but failed to comply. The father admitted to being unable to care for the juveniles, and they were placed in the home of the maternal grandmother. However, the maternal grandmother was unable to care for the children. DSS ultimately obtained non-secure custody of the juveniles.

On 15 May 2013, the trial court adjudicated the juveniles as dependent. The allegations of neglect were dismissed. Respondent was allowed supervised visitation, contingent on her having consecutive negative random drug screens. The trial court held a permanency planning review hearing on 3 February 2014. In an order filed on 25 April 2014, and by corrected order entered on 11 June 2014, the trial court ceased reunification efforts with Respondent and changed the permanent plan for the juveniles to guardianship with relatives. Respondent gave notice to preserve her right to appeal. On 10 December 2014, and as amended 31 December 2014, the trial court granted guardianship of C.D. and T.D. to the paternal grandmother, and guardianship of M.D. to paternal cousins. Respondent appealed.

## Analysis

### I.  Appellate Jurisdiction

We first address our jurisdiction to hear this appeal. Appellees have moved to dismiss Respondent's appeal from the order ceasing reunification efforts due to her failure to give proper notice of appeal. Pursuant to N.C. Gen. Stat. § 7B–1001(a)(5), a parent who has properly preserved the right to appeal an order which ceases reunification "shall have the right to appeal the order if no termination of parental rights petition or motion is filed within 180 days of the order." N.C. Gen. Stat. § 7B–1001(a)(5)(b) (2013). Consequently, "for a respondent-parent who has preserved their right to appeal the order ceasing reunification efforts, the statute renders the order

unappealable for a period of 180 days, if no termination of parental rights petition or motion is filed." *In re A.R.*, __ N.C. App. __, __, 767 S.E.2d 427, 428 (2014). "Once the 180 days after the entry of the order ceasing reunification efforts has elapsed, the respondent-parent that has properly preserved their right to appeal the order becomes subject to the 30–day limitation in N.C. Gen. Stat. § 7B–1001(b)." *Id.* at __, 767 S.E.2d at 429.

Here, the trial court entered its order ceasing reunification efforts on 25 April 2014. Respondent filed a notice to preserve her right to appeal on 21 May 2014. The trial court entered a corrected order on 11 June 2014. No petition to terminate parental rights was filed but Respondent did not appeal the order ceasing reunification efforts until 27 January 2015. Because Respondent's appeal was untimely, we must dismiss her appeal. However, in our discretion, we construe Respondent's appeal as a petition for writ of certiorari, and we allow the writ for the purpose of reviewing the arguments Respondent presents in her brief on appeal. *See* N.C. R. App. P. 21(a)(1) (2013).

## II. Order Ceasing Reunification Efforts

Respondent first argues the trial court erred by ceasing reunification efforts. "This Court reviews an order that ceases reunification efforts to determine whether the trial court made appropriate findings, whether the findings are based upon credible evidence, whether the findings of fact support the trial court's conclusions,

and whether the trial court abused its discretion with respect to disposition." *In re C.M.*, 183 N.C. App. 207, 213, 644 S.E.2d 588, 594 (2007). The purpose of a permanency planning hearing is to "develop a plan to achieve a safe, permanent home for the juvenile within a reasonable period of time." N.C. Gen. Stat. § 7B-907(a) (2013). To achieve this goal, a trial court may order DSS to cease reunification efforts with a parent pursuant to N.C. Gen. Stat. § 7B-507(b). This statute states:

> (b) In any order placing a juvenile in the custody or placement responsibility of a county department of social services, whether an order for continued nonsecure custody, a dispositional order, or a review order, the court may direct that reasonable efforts to eliminate the need for placement of the juvenile shall not be required or shall cease if the court makes written findings of fact that:
>
> (1) Such efforts clearly would be futile or would be inconsistent with the juvenile's health, safety, and need for a safe, permanent home within a reasonable period of time[.]

N.C. Gen. Stat. § 7B-507(b) (2013).

Here, the trial court made a number of findings that support its conclusion that reunification efforts would be inconsistent with the juvenile's health, safety, and need for a safe permanent home. First, the trial court found that Respondent missed a number of random drug screens. Respondent contends that "[a]n inference based solely on missed [drug] screens does not support a conclusion of ongoing substance abuse when the clear weight of all the other direct and indirect evidence compels a contrary conclusion." Respondent cites evidence of a negative drug screen, and the

lack of any evidence that she was observed to be intoxicated or under the influence of drugs. We reject this argument.

The juveniles were removed from Respondent's care, at least in part, due to her substance abuse. At the adjudication hearing, the trial court found that Respondent agreed to submit to random drug screens but failed to comply. Following the adjudication of dependency, the trial court required Respondent to submit to random drug screens, as well as to comply with substance abuse counseling and treatment. In its permanency planning review order, the trial court found that Respondent missed multiple random drug screens, permitting an inference by the trial court that Respondent was avoiding the drug screens. *See In re Whisnant*, 71 N.C. App. 439, 441, 322 S.E.2d 434, 435 (1984). The trial court also found that Respondent's substance abuse assessment recommended that she "attend Narcotics Anonymous and Alcoholics Anonymous (NA/AA) meetings" and "get involved in an appropriate 12-step meeting program," but that Respondent has only attended three meetings. Based on these findings, the trial court further found that Respondent was "not regularly and consistently engaged in substance abuse counseling and treatment." These findings are supported by the record.

Second, the trial court found that Respondent relied on her boyfriend, C.D. for housing and that he had a criminal record. Respondent asserts that C.D.'s actual

criminal record was not admitted into evidence, and thus the trial court's finding was unsupported by the record. Again, we disagree.

The trial court made the following relevant findings of fact:

> 27. That the Court readopts finding number 11 and 12 from the previous Permanency Planning Order and sets forth:
>
>> 11. The Respondent Mother and [C.D.] have been attending visitation with the juveniles. . . . [H]owever, [C.D.] should not attend the visitation. That [C.D.] has criminal charges including Assault with a Deadly Weapon. . . .
>>
>> 12. That the Respondent Mother provided a copy of her lease and [C.D.'s] name is on the lease. The Court finds a home study shall not be completed on the Respondent Mother's home inasmuch as [C.D.] resides in the home and has a criminal history.
>
> 28. That the Respondent Mother remains in the home with an inappropriate caretaker despite the findings from the last hearing. That [C.D.] was convicted December 4, 1995 of Possessing Stolen Goods (Principal), and he was incarcerated for seven (7) years, one (1) month and ten (10) days), with a release date of May 16, 2002. That his offenses date back to 1994.

The trial court based these findings on the guardian ad litem's report to the court, which stated that C.D. "has a substantial criminal background to include assault with a deadly weapon, injury to personal property, violation of personal property, resisting [a] public officer, carrying [a] concealed weapon, false report to police station, threatening phone call."

In a hearing concerning reunification, the trial court "may consider any evidence, including hearsay evidence as defined in G.S. 8C-1, Rule 801, or testimony or evidence from any person that is not a party, that the court finds to be relevant, reliable, and necessary to determine the needs of the juvenile and the most appropriate disposition. N.C. Gen. Stat. § 7B-906.1(c) (2013). Thus, the trial court's findings are supported by the record.

Finally, the trial court also found that respondent failed to complete her psychological and parenting assessments. We are bound by this finding because Respondent does not challenge it on appeal. *See Koufman v. Koufman*, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991).

Based on these findings, the trial court concluded that Respondent failed to make progress towards addressing the conditions which led to the removal of the juveniles. The court therefore concluded that further efforts to reunify the family would be futile. These conclusions are supported by the trial court's findings which, in turn, are supported by the record.

## III.  Guardianship

Respondent next argues that the trial court erred in choosing guardianship for the juveniles, because it was an "unnecessary" and "inappropriate separation of the juveniles from their parents." We disagree.

"Appellate review of a permanency planning order is limited to whether there is competent evidence in the record to support the findings and the findings support the conclusions of law." *In re J.C.S.*, 164 N.C. App. 96, 106, 595 S.E.2d 155, 161 (2004). Pursuant to N.C. Gen. Stat. § 7B-906.1(g), at the conclusion of a permanency planning hearing, "the judge shall make specific findings as to the best plan of care to achieve a safe, permanent home for the juvenile within a reasonable period of time." N.C. Gen. Stat. § 7B-906.1(g) (2013). "[W]hen the court finds it would be in the best interests of the juvenile, the court may appoint a guardian of the person for the juvenile." N.C. Gen. Stat. § 7B-600(a) (2013). "We review a trial court's determination as to the best interest of the child for an abuse of discretion." *In re D.S.A.*, 181 N.C. App. 715, 720, 641 S.E.2d 18, 22 (2007).

Here, the trial court again found as fact that Respondent had failed to submit to random drug screens, "giving the appearance that she is purposely avoiding having to submit the requested drug screens." The trial court also again found that Respondent was living with C.D., and that it was inappropriate to conduct a home study due to C.D.'s extensive criminal history. In addition to these findings, the court noted: (1) the juveniles were in relative placements and were "going well" and "both environments are safe and nurturing and provide appropriately for the juveniles[;]" (2) Respondent's visitation with the juveniles has been sporadic; (3) Respondent has a difficult time redirecting [M.D.] when he is being defiant; (4) Respondent struggles

with keeping the juveniles focused during visitation and becomes easily frustrated; and (5) the juveniles had been in the continuous care and custody of DSS since November 2012.

Respondent does not challenge these findings of fact, and they are binding on appeal. *See Koufman,* 330 N.C. at 97, 408 S.E.2d at 731. Based on these findings, the trial court determined that it would be in the best interests of the juveniles for the court to appoint Respondent's relatives as the juvenile's guardians. In light of these unchallenged fact findings, that determination was not an abuse of discretion. Accordingly, we affirm the trial court's orders.

AFFIRMED.

Judges ELMORE and DILLON concur.

Report per Rule 30(e).